## ROYAL PATENT CORP. et al. v. MONARCH TOOL & MFG. CO.

### No. 11636.

United States Court of Appeals
Sixth Circuit.

April 24, 1953.

Clarence E. Threedy, Chicago, Ill., Bernard Savin and Benjamin M. Becker, Chicago, Ill., Frank E. O'Gallagher, Cincinnati, Ohio, on brief, for appellants.

J. Warren Kinney, Jr., Cincinnati, Ohio, for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

This is a suit for infringement of patent No. 2532205 for coin selector issued to W. J. Summers, November 28, 1950. Appellant Royal Patent Corporation, an Illinois corporation, is assignee and owner of the patent and appellant A. B. T. Manufacturing Corporation, an Illinois corporation, is licensee. The appellee is an Ohio corporation which manufactures and sells coin selectors alleged to infringe the patent.

The Summers patent relates to "new and useful improvements in coin selectors of the type * * * constructed for use in connection with various apparatuses" such as "vending machines and coin-controlled amusement apparatuses." A principal object of the invention as stated in the specifications is "to separate certain spurious coins or tokens from genuine coins." The claims of the patent read as follows:

"1. A coin selector of the class described comprising an enclosure having means for connection to a stationary support in a laterally tilted position with respect to a vertical plane and having therein a downwardly inclined

coin receiving pathway tilted laterally with respect to said vertical plane, a rejection pathway having connection and reversely inclined with respect to the receiving pathway and likewise tilted laterally with respect to said vertical plane and a coin acceptance pathway having connection with said receiving pathway at the point of connection between said receiving pathway and said rejection pathway and reversely inclined with respect to said receiving pathway and extending parallel with the rejection pathway, deflecting means at said point of connection for deflecting acceptable coins into said acceptance pathway from said receiving pathway, a side wall of said enclosure providing an elongated substantially offset recess communicating with said pathway and extending substantially parallel to and at one side of said receiving pathway and providing at one end thereof an abutment, a track secured to said wall below said recess and on which acceptable coins gravitate through said receiving pathway into said acceptance pathway, the distance between said track and the top longitudinal edge portion of the recess being greater than the diameter of a non-acceptable coin to permit said non-acceptable coin to tilt by gravity into said recess for gravitation upon said track into striking engagement with said abutment for deflecting said non-acceptable coin into said rejection pathway.

"2. The combination substantially set forth in claim 1 wherein the top longitudinal edge of said offset recess and said track diverge in the direction of gravitation of coins on said track."

■ The District Court held that the Summers patent does not embody patentable matter over Hall patent No. 794620 issued in 1905 and Ralston patent No. 847438 issued in 1907, which were not before the Patent Office when the application for the Summers patent was considered and allowed. The presumption of validity therefore does not exist. O'Leary v. Liggett Drug Co., 6 Cir., 150 F.2d 656, 664; Lempco Products, Inc., v. Timken-Detroit Axle Co., 6 Cir., 110 F.2d 307, 310; Westinghouse Electric & Manufacturing Co. v. Toledo Railway Company, 6 Cir., 172 F. 371.

We think the judgment of the District Court was correct.

■ As disclosed in the patent in suit the essential elements of the Summers coin selector are a tilted wall, an inclined track secured thereto, an elongated recess in the tilted wall above the inclined track and an abutment on the lower end of the elongated recess. As found by the District Court

"the distance between the track and the top longitudinal edge of the recess is greater than the diameter of an undersized coin which will, while rolling down the track, tilt by gravity into the recess and into striking engagement with the abutment-forming end wall of the recess for deflecting the coin sideways off the track into a coin receptive chute. A proper size coin will roll down the track, strike the end wall and then drop into the first chute or pathway."

Hall discloses a rearwardly inclined casing (the tilted wall), a downwardly inclined track, four rectangular (elongated) recesses above the track and at the lower end of each recess a wall which appellant's expert concedes to perform the same function as the abutment in Summers. Ralston discloses an inclined trough-like guideway provided with a series of outlets or slots cut in the guideway with the shape of two sides of a right angle. The corner which is freed by cutting the slot is bent out in an edge. The coins of least diameter may "just pass through the orifice" under the edge. The corresponding edge of the next orifice is of such diameter as to permit the coin of next greater size to pass out from the guideway and a similar arrangement is made for coins of larger diameter. The largest coin finally passes off the track into the acceptance pathway.

Appellee manufactured a device, defendant's Exhibit 15, a combination of Hall and Ralston, which followed the disclosures of Hall and also included a coin acceptance pathway, a rejection pathway, and a deflecting means. At the trial this was operated and functioned satisfactorily.

The Hall patent is for a coin-distributor and the stated object of the invention is to provide a mechanism "arranged to distribute the assorted coins according to their size and value and in the proper sequence." Ralston calls his device a coin-sorter.

Appellants urge that Ralston and Hall are not pertinent because they have a purpose different from that of Summers, namely, the separation of coins rather than the rejection of spurious coins. We cannot agree with this contention. While it is true that Hall and Ralston were designed to separate coins of different denominations, this is a purpose clearly analagous to that of Summers. The problem of separation was solved by essentially similar automatic means.

In Bee, No. 1503223, 1924, a compact coin detector which disclosed a receiving pathway, a rejection pathway and an acceptance pathway, the purpose stated was the precise purpose of Summers, namely, the rejection of spurious coins. A similar purpose was expressed in Oswald, No. 1017454, 1912, namely, that of diverting coins of less than the proper size from the mechanism. Oswald discloses the receiving pathway, the rejection pathway, the acceptance pathway and a chute for the refund of rejected coins. It is evident that Ralston, Hall, Bee and Oswald are highly pertinent upon the issue of patentable invention.

Ralston and Hall taken together read closely upon the essential elements of Summers and require affirmance of the judgment of the District Court.

Appellants urge that the patents relied on are only paper patents but it is well established that this is immaterial upon the question of invention. Paper patents which precisely disclose the purpose, means, and mechanism for accomplishing the end of a patent in suit, or which may be adapted for that purpose by obvious and common mechanical expedients may be considered as disclosing lack of novelty in an assailed invention. Trabon Engineering Corporation v. Dirkes, 6 Cir., 136 F.2d 24, 26; Western States Machine Co. v. S. S. Hepworth Co., 2 Cir., 147 F.2d 345, 350; Holland Co. v. American Steel Foundries, 7 Cir., 196 F.2d 749, 752. It is urged that the fact that Summers used but one of the four coin-rejecting recesses of Hall differentiates his device; but the omission of an element does not amount to invention. O'Leary v. Liggett Drug Co., supra, 150 F.2d at page 660; Ranco v. Gwynn, 6 Cir., 128 F.2d 437, 443.

The addition in claim 2 of Summers of the feature of making the top longitudinal edge of the elongated recess and track diverge in the direction of gravitation of a coin on the track to prevent wedging of the coins is an obvious expedient calling for the usual skill of the art.

The judgment of the District Court is affirmed.