Marion L. DRAKE, Plaintiff,

v.

PYCOPE, Incorporated, Defendant.

Civ. A. No. 27534.

United States District Court
N. D. Ohio, E. D.

Feb. 14, 1957.

Vern L. Oldham, Cleveland, Ohio, for plaintiff.

Sanford Schnurmacher, Cleveland, Ohio, William R. Lieberman, New York City, for defendant.

WEICK, District Judge.

This is an action for damages for the alleged infringement by defendant of United States Letters Patent No. 2,016,-597 issued to plaintiff on October 8, 1935 on an application filed August 28, 1933.

The patent in suit was for a tooth-cleaning and gum-stimulating device. The patent had expired prior to the commencement of this action.

spaces was excellent for the prevention, treatment and cure of gum diseases and disorders such as gingivitis and pyorrhea.

Oct. 8, 1935.                                    2,016,597

## M. L. DRAKE

### TOOTH CLEANING AND GUM STIMULATING DEVICE

Filed Aug. 28, 1933

The claim of damages was for the infringement of the patent during the last six years of its life.

The original defendant in the case was McKesson & Robbins, Inc. By agreement of the parties, Pycope Incorporated, was substituted as a party defendant in the place of the original defendant.

The defendant, by answer and counterclaim, disputed the validity of the patent, denied infringement and prayed that the patent be declared null and void.

Trial by jury was waived and the case was tried on its merits to the Court.

The patented device was an instrument consisting of a rubber tip, triangular in shape, mounted on the end of a metal handle which extended angularly relative to said tip from a point adjacent thereto.

The sole function of the instrument was to clean teeth, and stimulate or massage the gums, between the interdental spaces.

It was the claim of plaintiff that the ordinary toothbrush, while useful for cleaning the surface of the teeth, did not reach into the interdental spaces.

It was further claimed that stimulating or massaging of the interdental

The inventor, Dr. Marion L. Drake, was a dentist with an extensive practice, specializing in the fields of oral diagnosis and periodontology, the latter being "the science of treatment, prevention and cure of diseases involving the supporting structures of the teeth."

The utility of the instrument for the purposes claimed was testified to not only by plaintiff, but by one of the leading dentists in the field of periodontology, namely, Lundquist and also by the dental practitioners James, Williams and Kruska.

This evidence was not controverted and compels a finding that the invention had utility in respect of the matters claimed.

While plaintiff got off to a late start, there is evidence in the record of manufacture and sale of the patented device and several licenses during the later years of the patent. The proof also shows satisfactory use of the device by some members of the dental profession.

Patent Office Action.

In the prosecution of his application for patent, plaintiff had rather "rough going" in the Patent Office. He had ap-

plied for much more patent protection than he ultimately received.

The original application contained twenty claims, all of which were rejected because they either lacked invention or were met by other prior patents cited as references by the examiner of patents.

The cited references included a rubber toothbrush, rubber tooth picks, and various types of picks coated with rubber attached to handles for use in cleaning or polishing teeth or massaging gums; also a molding tool for facial treatments and an ear manipulator. The latter two were cited to show the attachment of a handle to a rubber element.

In response to the action of the Patent Office, plaintiff amended his application for patent by striking out the twenty original claims and substituting nine new claims. These new claims were in turn rejected by the examiner.

Plaintiff then submitted two new claims which were rejected. The examiner stated that "if the claims are modified to bring out the exact relation of the handle and head and the head is more definitely defined, they might be considered allowable."

Finally the patent was granted with three claims.

Claim No. 3 is the only claim relied on in this case and it is sufficiently broad to cover a conical tip. The other two claims describe triangular tips. Claim No. 3 is as follows:

"A tooth-cleaning and gum-stimulating device, comprising a short or stubby tooth-cleaning and gum-stimulating part and a rigid handle therefor, said handle having a hand-gripping portion extending angularly relative to said tooth-cleaning and gum-stimulating part from a point adjacent thereto, whereby said part can be positioned inside the dental arch for convenient outward insertion into the inter-dental spaces and positioned outside said arch for convenient inward insertion into said spaces, said tooth-cleaning and gum-stimulating part being of yield-ing character so that sufficient stimulating pressure can be applied to the gums adjacent said inter-dental spaces without liability of injury to said gums and being of fairly steep tapered form to enable said part to fit inter-dental spaces of varying size."

Accused Device.

The accused device was an ordinary straight bristle-bearing toothbrush with a rubber tip mounted at the end of the handle on a stud imbedded therein. The rubber tip was substantially identical with the tip on the device shown in the patent in suit except it is conical instead of triangular in shape.

Patent References Cited by Defendant.

Defendant has cited six patents, in addition to those cited by the examiner of patents, in support of its defenses of anticipation and lack of invention. One of the patents, No. 652,626 Cappiello, is a French patent, and the remaining were United States patents. Jackson, No. 1,996,205, was not considered by the Court because its issue date, April 2, 1935, was subsequent to the date of filing of the application for the patent in suit.

Since the five additional patents were not cited or considered by the examiner of patents, no presumption as to validity of the patent in suit could exist over such references. Royal Patent Corp. v. Monarch Tool & Mfg. Co., 6 Cir., 203 F.2d 299.

The angular relationship between the tip and the handle, which the examiner of patents insisted on more particular description before his final action, was disclosed in the French patent by Cappiello. This patent also shows a triangular tip made of bristles mounted at the curved end of the handle of the toothbrush.

Substituting a rubber tip of the same shape for Cappiello's bristle tip would produce an instrument almost identical with plaintiff's device.

A rubber tip of similar shape to plaintiff's was designed as a toothpick by

Lunday No. 1,465,522. Plaintiff's rubber tip was not new. Neither was his handle, nor the attachment of the tip to the handle.

A rubber element for massaging gums, attached to the end of the handle of a toothbrush, was embodied in the patent of Wheeler. McVeigh used a rubber tip imbedded in a toothbrush in front of the bristles.

 Substituting one old material for another does not ordinarily involve invention. United States Appliance Corp. v. Beauty Shop Supply Co., 9 Cir., 121 F.2d 149.

The rubber tip of the accused device was attached to the handle in the same manner as shown in the Wheeler patent.

■ If the accused device infringes plaintiff's patent, then by the same token plaintiff has infringed Wheeler. This is another reason for holding that Wheeler anticipated plaintiff's device. Peters v. Active Mfg. Co., 129 U.S. 530, 9 S.Ct. 389, 32 L.Ed. 738.

While McVeigh's rubber tip appeared too blunt for use between the interdental spaces, all that was necessary to be done to embody plaintiff's invention was to bring it to a point.

Considered in the light of the prior art, plaintiff's device did not involve invention and, therefore, was not patentable. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.

Certainly a skilled mechanic familiar with the art could have produced the same device.

It is clear that the patent in suit was anticipated by the patent references cited by defendant and the patent examiner. The patent was, therefore, invalid.

### Infringement.

■ The accused device does not have the angular relationship between tip and handle which was a necessary element of Claim No. 3 of plaintiff's patent. Without such angular relationship being defined, the Patent Office would never have issued the patent in suit.

Plaintiff accepted his patent with this element included therein. It is too late for him now to say that such element was not essential. Dow Chemical Co. v. Skinner, 6 Cir., 197 F.2d 807; Lester Engineering Co. v. Cleveland Plastics, D.C.N.D.Ohio, 128 F.Supp. 654.

■ As heretofore pointed out, the attachment of the rubber element to the handle of the accused device was patented by Wheeler and shown by McVeigh. It could not, therefore, infringe plaintiff's patent.

It follows that the plaintiff's complaint must be dismissed. This memorandum is adopted as findings of fact and conclusions of law.

The motions of plaintiff and defendant for the allowance of attorney fees are denied.