**George W. CORNELL and W. Elder Cornell, Jr., Appellants,**

v.

**ADAMS ENGINEERING COMPANY, Inc., Appellee.**

No. 17031.

United States Court of Appeals Fifth Circuit.

Sept. 16, 1958.

Rehearing Denied Oct. 28, 1958.

J. Matthews Neale, Washington, D. C., R. D. Maxwell, Jr., L. L. Robinson, Miami, Fla., Strauch, Nolan & Neale, Washington, D. C., of counsel, for appellants.

Ralph L. Chappell, New York City, Clemen J. Ehrlich, Miami, Fla., Blackwell, Walker & Gray, Miami, Fla., and Kenyon & Kenyon, New York City, of counsel, for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

CAMERON, Circuit Judge.

The question presented by this appeal is whether we shall set aside as clearly erroneous the findings of fact of the court below upon which it held that the patent sued on was invalid for lack of invention. These findings of fact and conclusions of law are published in 156 F. Supp. 872. The conclusions of the trial court follow as a matter of course if its findings of fact are not clearly erroneous.

Appellants, plaintiffs below, sued appellee for infringement of their patent issued in 1955 covering threshold and door sealing construction. Appellee-defendant answered claiming that the patent was invalid and void chiefly on the ground that appellant, George W. Cornell, was not the original inventor of the patented device or combination, because the same was known to and used by others before his alleged invention or discovery; and that no invention was required to devise and perfect it in view of the state of the art existing prior thereto.

The trial court heard testimony for four days, considering dozens of draw-

ings, cuts and publications and a number of models, all of which are before us. The court had the advantage of seeing and hearing the witnesses give their testimony and of being instructed firsthand by detailed explanations of the various exhibits. We think that its findings of fact are clearly supported by the evidence and that no good purpose will be served by an attempt to justify the detailed findings set forth in the published opinion, supra. We will content ourselves, therefore, with a few general observations on the chief questions raised in the appeal.

Appellee offered proof concerning eleven patents which it claimed constituted items of prior art, bearing dates from 1870 to 1949. Appellants devote thirteen pages of their brief to a detailed discussion of the claims of their patent in comparison with the prior art relied upon by appellee, and come up with the conclusion that fifteen claims were present in the prior art and sixteen were not present. One purpose of this detailed analysis was obviously to buttress the argument that the presumption of validity of the patent issued by the Patent Office was not diminished or destroyed by the prior patents, based upon the contention that the Patent Office did have before it the most significant prior art. Appellants quote copiously from Corpus Juris Secundum setting forth the general rules which they maintain should influence a court in considering whether a patent is invalid for lack of invention based upon combining the teachings of prior patents.

■ We have recently given full consideration to the presumption of validity provided by 35 U.S.C.A. § 282, and have held that, when the Patent Office has not considered important contributions to the prior art, the usual presumption of validity otherwise attaching from the issuance of the patent is greatly weakened, if not completely destroyed. Glitsch & Sons, Inc. v. Wyatt Metal & Boiler Works, 5 Cir., 1955, 224 F.2d 331, 335, and Rosaire v. Baroid Sales Division, Etc., 5 Cir., 1955, 218 F.2d 72.[1]

In Glitsch, supra, we quoted from the opinion of Mr. Justice Jackson in Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162:

"Courts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements. The function of a patent is to add to the sum of useful knowledge. Patents cannot be sustained when, on the contrary, their effect is to substract from former resources freely available to skilled artisans. A patent for a combination which only unites old elements with no change in their respective functions, such as is presented here, obviously withdraws what already is known into the field of its monopoly and diminishes the resources available to the skillful men. This patentee has added nothing to the total stock of knowledge, but has merely brought together segments of prior art and claims them in congregation as a monopoly." 340 U.S. at page 152, 153, 71 S.Ct. at page 130, 95 L.Ed. 162.

This rule has been announced in cases without number[2] and the trial court submitted the evidence before it faithfully to these tests, concluding that the threshold in the patent in question was merely an aggregation of old mechanical elements, each performing and pro-

---

[1]. The trial court found that the Patent Office did not have before it for consideration a half dozen important patents, certain employment of the prior art by the defendant, and several publications going back for a number of years, all of which disclosed the prior use of elements entering into appellants' claims. Appellants admit that appellee asserts prior art based upon 23 patents and 13 publications.

[2]. The whole question of combinations and aggregation is well discussed and the cases assembled in 1 Walker on Patents, Deller's Edition, § 41 and § 42, pp. 211–226.

ducing the same function that it performed in the prior art, and that the concert of the elements did not produce anything which exceeds the sum of the individual old combinations; that it did not produce a new result, or an old result in a more efficient and economical way, and that the differences between the subject matter of the patent sued on and the prior art was such that the subject matter would have been obvious to a person of ordinary skill in the art.

For the authorities supporting the elementary statements of the law of patents applied by the court below, we refer to those collected in Walker, footnote 2, supra; and for the facts so clearly revealed by the record we cannot do better than refer to the findings of the lower court as published.

Being of the opinion that its findings and conclusions are supported by the evidence and the law, its judgment is

Affirmed.