James A. BEDE and Bede Products Corporation, Plaintiffs,

v.

BAKER & ENGLISH, INC., Spee-Flo Company, Inc., Defendants.

Civ. No. 31231.

United States District Court
N. D. Ohio, E. D.

Dec. 4, 1958.

William E. Williams and Fred M. Bosworth, Cleveland, Ohio, for plaintiffs.

Jack W. Hayden, Houston, Tex., Clifford E. Bruce, Cleveland, Ohio, for defendants.

JONES, District Judge.

This patent case was tried in open court, was orally argued at its conclusion, and submitted for decision.

The plaintiff Bede as owner, and his exclusive corporate licensee have charged defendants with infringement of his Patent 2,576,558, issued November 27, 1951, Claims 13, 14 and 15, and particularly Claim 15, as the complete embodiment of his invention. Invalidity and non-infringement; and the usual defenses are asserted by answer.

The patent in suit involves a paint heater designed to heat paint uniformly and efficiently for the purpose of hot spraying of material such as paint and other coating materials.

While conceding earlier disclosure of other elements, the novel or original conception claimed for the patent in suit is exemplified by Claim 15, and particularly in the incorporation of the explosion-proof attachment or outlet into the top of the heater unit. The language of Claim 15 related thereto is as follows: "A cap connected to said block confining said element and means within said block and forming an explosion-proof chamber within said block, which includes a minute leakage passageway communicating the chamber with the exterior of said block."

As practiced by the patentee, this novel feature is said to be the screw top with unsealed threads so disposed as to furnish an escape of explosive gases from the dome or upper chamber where the explosive gases or other materials may be ignited by electric sparks from the thermostatic control. This minute leakage passageway was a recognized standard requirement for a paint heater where spraying was to be done in a hazardous area.

Stripped of the language of the patent art, the plaintiffs contend they have housed all the known essentials of a paint heater under one roof in a new, useful and successful unit for hot paint spraying.

The prime novel feature of Bede was stated at the trial to be the original com-

bination of the heat exchange unit block with the explosion-proof chamber, crowned by a screw top with threads so disposed as to comply with the safety requirements recognized by underwriters for use in hazardous areas, thus providing a minute escape passageway for the escape of gases or explosive material in such hazardous areas.

While, frankly, during the trial I entertained some doubt as to the inventive character of Bede's heater, further consideration leads me to find and conclude that the patent here has inventive status because of the novel, unique arrangement and disposition of the essential elements and incorporation of the "built-in" explosion-proof chamber and leakage passageway within the heat exchange block, so as to produce a compact, convenient, economical and commercially successful paint heater not theretofore disclosed in the prior art. I now think that Bede has combined known elements in such a new and useful way as to add something of value to the art of hot paint spraying.

The prior art presented, such as Olley 1,977,891; Olley 2,050,854; Wade 941,-215; Bede 2,481,813 and Preston 2,515,-835, are sufficient to demonstrate various elements of prior heating and safety devices.

This prior art perhaps discloses the individual elements which were adopted by Bede but no one before Bede disclosed a completed combination so ordered and organized as to meet the type of heater that the paint spraying industry had been looking for, as evidenced by the response when Bede appeared with his heater. The publications offered by the defendants, such as National Electrical Code Handbook, Defendants' Exhibit F, earlier disclosed the necessity of providing means to prevent explosions in gaseous or vaporous surroundings generally, and Underwriters Laboratories, Defendants' Exhibit G, warns of the necessity of having explosion-proof joints in electrical equipment to be used in hazardous locations. But these references do not, as I think, constitute anticipations of the character required to nullify Bede's use of explosion-proof means such as are incorporated in his combination.

Some of the earlier experiments and efforts for the accomplishment of the purposes of this heater were related by Mr. Weisel, Consulting Engineer for the Hercules Powder Company, which company was not interested in developing a heater for themselves but only insofar as it had an effect upon the materials which his company were anxious to furnish to the material (principally lacquer) spraying industry. He had met inventor Bede in 1947 and 1949 in his office and discussions were had as to the merits of what Bede was working on or had accomplished. He was impressed with what Bede was doing and believed that the Bede heater, with the adoption of the underwriters' requirements for safety in the explosion-proof feature, furnished a successful heater for the hot spray industry. He stated that the Bede heater worked well during demonstrations.

Defendants contend that the Bede patent in suit is not entitled to the usual evidential presumption of validity because the Examiner, in granting the patent on the basis of incorporation of the minute leakage passageway as an explosion-proof element by means of the threaded screw cap cover at the end or top of the exchange block, did not rely upon any citation or reference to prior patents in respect of that element. While the Patent Office experience somewhat impairs the evidential presumption of validity which this court usually has accorded the issuance of a patent (see Royal Patent Corp. v. Monarch Tool & Mfg. Co., 6 Cir., 203 F.2d 299); nevertheless, it is my view, and no countervailing evidence of sufficient supporting character has been presented to alter it, —that something more than mechanical or electrical engineering skill would have been required to combine the essential elements of the plaintiffs' paint heater into such a compact, convenient unit of the character described and pat-

ented by Bede. At least it had not been obvious before Bede's disclosure.

Upon these considerations I find and conclude that the plaintiffs' patent is valid as to the claims in issue.

Coming now to the question of infringement by the defendants: Defendants' heater, I suppose, could be found to incorporate all the elements combined by Bede, but they all being, as I think, in the public domain, as evidenced by the earlier art and publications, no infringement is supportable. The defendant's arrangement of elements in its heater is wholly different from Bede, although the general function may be the same. Mr. Hoover, the expert called by plaintiffs, testified that in his opinion the defendant's structure contained all of the elements, including the novel feature, of the plaintiffs' patent and that all elements of the defendant's heater function in the same way as the Bede heater. However, on the basis of the concessions made by the plaintiffs as to the prime and principal novelty of their patent and the view I take of the matter, a very limited scope must be accorded the Bede combination of old elements and I am unable to extend the monopoly of the patent to condemn the defendant's structure. True, it incorporates the essential elements assembled by Bede, to accomplish the function of hot paint spraying; but its design, arrangements of elements and parts are so entirely different from Bede that I am unable to read the claims in issue upon it without going beyond the inventive boundaries within which I think the Bede combination must be contained.

In my view, the defendant's structure has been fashioned more after the Wade Patent 941,215. While this was a water heater it did operate by electric heating device and I feel, under the comparison made by expert Sessions, that the disclosures made there give additional support to a finding of non-infringement.

I find and conclude that defendant's present structure does not infringe the Bede patent claims in issue.

Judgment may be entered accordingly.

This memorandum will be considered compliance with Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A.