**DOLE REFRIGERATING COMPANY,**
**Appellant**

v.

**AMERIO CONTACT PLATE FREEZ-**
**ERS, INC.**

**No. 12770.**

United States Court of Appeals
Third Circuit.

Argued March 6, 1959.

Decided April 16, 1959.

Norman S. Parker, Chicago, Ill. (Arthur H. Boettcher, James C. McConnon, Philadelphia, Pa., Parker & Carter, Chicago, Ill., on the brief), for appellant.

John P. Chandler, New York City (Zachary T. Wobensmith, II, Philadelphia, Pa., Louis J. Dughi, Westfield N. J., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This is a suit for patent infringement with the usual prayer for injunctive relief and an accounting. The defendant, in addition to attacking the validity of the patent, counterclaimed for unfair competition. The district court dismissed the plaintiff's complaint and denied defendant's damages claim for unfair competition. D.C.D.N.J.1958, 160 F.Supp. 281. Only the plaintiff has appealed.

The subject matter of this suit is Kleist Patent No. 2,436,389. It relates to freezing plates for commercial freezers used in the frozen food industry. Only one claim of the patent is involved. That is claim 1. It reads as follows:

"1. In a vacuum plate adapted for use in refrigeration, and adapted to resist heavy pressures, a coil structure including a plurality of parallel rectilinear duct lengths and connecting bends, said rectilinear lengths being generally rectangular in cross section and having outwardly plane top and bottom walls and connecting outwardly plane side walls perpendicular thereto, all of said top walls having outer faces lying in substantially the same plane and all of said bottom walls having outer faces lying substantially in a single plane parallel to said first plane, a housing including walls sealed together around their edges, each said wall abutting against the plane surfaces of one side of said coil structure, and means for maintaining a partial vacuum in the space within said walls and about said coil structure sufficient to maintain said walls firmly pressed against, and in intimate contact with, the opposed generally plane top and bottom surfaces of the coil, said parallel rectilinear duct lengths being sufficient in number and being sufficiently closely spaced to form a reinforcement for said housing walls, and to maintain the outer surfaces of said housing walls generally plane."

Mr. Kleist, the original patentee, is an officer of Dole Refrigerating Company which, in turn, is the assignee of all of Mr. Kleist's patents in this field. The first one, No. 1,824,158, goes back to 1931. This patent is entitled to be called basic in this particular art. A pipe inside a plate was bent back and forth in serpentine fashion. The refrigerant passed through this tube. In the 1931 patent the tubing was round. In 1939 Mr. Kleist applied for another patent which showed flattened round tubes which Mr. Kleist, in his testimony, described as oval.[1] The flattening of the round tube gave more surface contact with the upper and lower walls of the plate and thus provided more efficient freezing of the fruits and vegetables put in the freezer.

In the patent in suit it will be observed, if one wades through the language of the claim, that the tubes are square or, at any rate, "rectilinear."

Does this last patent issued in 1948 add anything of a patentable nature to what had already gone before?

Mr. Kleist, himself, in his testimony said there was nothing patentable in the shape of a tube. But there is functional advantage in a square tube. Such a tube would provide more refrigerating surface and, furthermore, would serve to prevent distortion of the walls of the plate. Such distortion comes through atmospheric pressure on the outside surfaces of these walls when the space between them has been emptied of air and kept in an almost complete vacuum. The series of "rectilinear" metal tubes serves the purpose of struts, prevents distortion of the walls and thus keeps the packaged food in the container in the same shape as when it went into the freezer. This is said to be of considerable value in offering the food to the consumer for sale. Evidently it was not hard to bend round tubes and evidently the bending of elliptical tubes was not an unduly difficult

---

1. A patent, No. 2,405,432, was issued in 1946.

problem. But to bend the four-sided tube was hard.

Mr. Kleist worked for some time on the problem of getting a square tube to go in a serpentine fashion between freezing plates. He evolved a rectangular tube with mitered joints which gave him the somewhat serpentine effect, although perhaps the tube was more like a serpent with some misplaced vertebrae than a completely normal one. Freezing plates with the tubes thus described were made and sold by the plaintiff in 1941 and 1942. Mr. Kleist said that the first ones were experimental but admitted that in the second year, under pressure of war demand, a considerable number were made and sold. He said also that the only complaint as to quality came from leakage at the joint due to faulty welding. No patent featuring the square tubes was applied for until later.

In the meantime, Mr. Kleist and his company kept working on the problem of bending square tubes. They called in several tube makers and a satisfactory method was found. Eventually, the patent in suit issued, but it was not for the method or process of bending square tubing.

██ We believe the trial judge was right in denying validity to this patent. The defendant readily concedes that the 1931 patent was valid and a useful contribution to the food freezing art. Square tubes in refrigeration apparatus are not new. The patent office had before it a patent issued to Edward Barrath, No. 705,015. It was cited by the patent office, but another, 710,656, was not cited. The second Barrath patent is closer to this application than the first. Where the patent office has not considered important portions of the prior art, the presumption of validity arising under 35 U.S.C. § 282 from the issuance of the patent is weakened. See e. g., Cornell v. Adams Engineering Co., Inc., 5 Cir., 1958, 258 F.2d 874, 875; Royal Patent Corp. v. Monarch Tool & Mfg. Co., 6 Cir., 1953, 203 F.2d 299, 300.

So there was nothing new or patentable about the shape of a tube and there is nothing new or patentable at the present day in the use of tube in freezing apparatus. The combination of the Barrath patents and Mr. Kleist's 1931 patent seem to establish this.

The only difference which we can see between the patent in question and what the plaintiff practiced in 1941 and 1942 is the fact that these tubes are bent and thereby integrated while the earlier ones were mitered. It is pretty clear that the integrated tube is a better tube for the purpose and does not have the risk of bad welding as the mitered tubes did. But the question of the process by which the square tube is bent so as to provide an integrated channel for freezing material is not before us in any way except as to its functioning between freezing plates. It may or may not be that the process for bending is patentable or is patented. We do not know. We, therefore, see nothing in this patent which the inventor and his assignee had not practiced several years prior to the patent application in 1945. The evidence of commercial use, as distinguished from experimentation, is clear and the district court so found.[2]

██ We take Judge McLaughlin's description of patentability as correct. The criterion is, "a new and useful result which called for more than the ingenuity of a mechanic skilled in the art * * * not anticipated by the prior art." Fisch v. Gould, 3 Cir., 1957, 246 F.2d 5, 7-8. The only addition we see here, as we have already said, is the improved method of bending tubing and its patentability is not before us.

██ The district court, in its discretion, denied the defendant attorneys fees and costs pointing out that the defendant had profited by the research and labor of Mr. Kleist. We think this was a proper exercise of discretion and we shall do the same with regard to costs in this Court.

The judgment of the district court will be affirmed.

2. 160 F.Supp. at page 284. See 35 U.S.C. § 102(b) (1952).