James A. BEDE, Plaintiff,

v.

Nathan ARVINTZ, Robert Arvintz, and Abraham Arvintz, individually, and Reliable Mfg. Co., Inc., a corporation, Defendants.

Civ. No. 12876.

United States District Court
E. D. New York.

May 26, 1959.

Oberlin & Limbach, Cleveland, Ohio, by Burgess, Ryan & Hicks, New York City, Walter Maky, Cleveland, Ohio, John F. Ryan, New York City, of counsel, for plaintiff.

David Altman, New York City, for defendants.

LEONARD P. MOORE, Circuit Judge (sitting by designation).

Plaintiff, James A. Bede (referred to as "Bede") brought suit against three brothers, Nathan Arvintz, Robert Arvintz (now deceased) and Abraham A. Arvintz, individually, and Reliable Products Mfg. Co., Inc. (referred to as "Reliable"), for infringement of a patent issued to and owned by Bede for a "Paint Heater". The Bede application was filed November 24, 1948, the patent (No. 2,576,558) setting forth fifteen claims was issued November 27, 1951. The complaint charges infringement of the letters patent generally but on the

trial plaintiff relied particularly on claims 1 and 14. Bede has various licensees in this country and in foreign countries which manufacture and sell his paint heaters and, through Bede International Development Company, manufactures heaters for sales abroad.

The defendant Reliable conducted its business in Brooklyn, N. Y. Nathan Arvintz was its president, Robert Arvintz, its vice-president and Abraham A. Arvintz its secretary-treasurer. Nathan and Abraham were directors and owners of the majority of its voting stock. At the time of trial the three outstanding shares of Reliable were owned, one share each, by the wife of Nathan, the wife of Abraham and a Miss Stillman.

Shortly after the Bede patent issued and after Bede had notified Reliable (December 27, 1951) of its claim of infringement, a corporation, Arvins-Viscolator Corporation (Arvins), was organized (January 24, 1952). Reliable and Arvins had the same business address, 123 De-Kalb Avenue, Brooklyn, N. Y. Nathan, Robert and Abraham held the same positions as they had in Reliable. In addition an Arvintz sister, Mrs. Rose Rosenthal, was Assistant Treasurer and an Arvintz niece, Florence Rosenthal (daughter of Rose), was Assistant Secretary. Three shares of stock were issued, one owned by Robert and one each by Rose and Florence. Although Arvins was not named as a defendant, Bede claims that the Arvintz brothers used Arvins as a cloak for their infringing operations and actively induced infringement by Arvins of his patent. Liability against them is predicated on the theory (35 U.S.C.A. § 271(b)) that "whoever actively induces infringement of a patent shall be liable as an infringer."

### Bede

Bede had been in business for some thirty-two years. Interested in the "hot spray" process for the application of paints and lacquers, he endeavored to develop a paint heater which would meet the safety requirements of the Underwriters Laboratories (UL) and receive their approval. Experiments with a paint heater using water as the heating medium failed but on February 15, 1949, an electric paint heater built in accordance with principles set forth in his patent application obtained UL approval.

### The Principles Claimed for Bede's Patent

Apparently a serious problem which confronted the "hot spray" process was the danger of explosions likely to result from the operation of the electric thermostatic control and the highly combustible paint vapors. Bede claimed that he had combined in workable form an aluminum heat exchange block through which in a spiral coil flowed the paint to be heated, an electric heating element in the block, and an explosion-proof chamber which contained the thermostats, all in an exterior housing insulated by some insulating material, such as glass wool. The explosion-proof character was attained by using a threaded screw top cover. The threads not being completely air tight provided a minute leakage passageway which both relieved the pressure of any explosion and caused any flame to be extinguished.

### Alleged Infringement

By letter dated January 28, 1952, Relible by A. A. Arvintz, Treasurer, sent to plaintiff's attorneys a copy of a drawing of a "Reliable Viscolator" paint and lacquer preheater, for which a patent application had been filed. To plaintiff's interrogatories inquiring whether within six years prior to the filing of the complaint defendants had made, sold or used a preheater constructed in accordance with the drawing, defendants responded affirmatively both as to making and using but denied selling. Upon this admission plaintiff bases its claim of infringement under the Patent Act of 1952 (35 U.S. C.A. § 271(a)).

During the period from 1952 to 1955 or 1956 Arvins manufactured and sold a preheater in accordance with drawings which were embodied in a patent No. 2,673,919 ultimately issued to Nathan, Abraham and Robert Arvintz, assignors to Arvins, on March 30, 1954. The preheater incorporated closely the principal

elements recited in the Bede patent except that the paint flowed through removable vertical tubes instead of a fixed spiral coil entered and came out at the bottom whereas the cold paint entered at the bottom of the Bede heater and came out heated at the top.

## The Questions Involved

Plaintiff claims that the three Arvintz brothers were in charge of the management and operation of Reliable and Arvins and that Arvins had only four or five employees to handle assembly and shipping. From this family control fact situation plaintiff argues that the individual defendants may be held liable because "Whoever actively induces infringement of a patent shall be liable as an infringer" (35 U.S.C.A. § 271(b)).

Before liability is considered the question of the validity of the Bede patent must be determined. On this subject defendants assert that the patent is void because it does not involve an invention over prior art and because of prior public use.

## Prior Art

The only prior art introduced by defendants was the McIlrath patent No. 2,247,816 and their own patent No. 2,530,799. These patents do not cover the elements or the principles claimed by Bede, namely, the heat exchange block with an explosion proof chamber.

## Prior Public Use and Sale

Defendants assert as a defense that the Bede invention was in public use or on sale more than a year prior to the date of his patent application and hence the patent could not have been validly issued (35 U.S.C.A. § 102(b)). The proof upon which defendants rely is vague. The Weisel testimony as to dates (even within a period of years) was qualified by his own characterization that he was "guessing" or that it was his "best guess". Bede's recollection as to dates seems more accurate. Submission of specimens of his heaters to the Underwriters Laboratories during the first six months of 1948 and a first sale in January 1949 are accepted as facts. Bede's application filing date having been November 24, 1948, he was well within a year.

## Validity and Infringement

In determining validity there are several legal yardsticks. Section 282 (35 U.S.C.A. § 282) states "A patent shall be presumed valid. The burden of establishing invalidity of a patent shall rest on a party asserting it." The issuance of the patent itself has been considered prima facie evidence that the patentee is the first inventor and that the device has novelty. (Cantrell v. Wallick, 1886, 117 U.S. 689, 6 S.Ct. 970, 29 L.Ed. 1017; Consolidated Car Heating Co. v. Chrome-Gold Alloys Corp., D.C. N.D.N.Y.1952, 109 F.Supp. 652). Favorable public reception and commercial success are factors tending to show invention (Goodyear Tire & Rubber Co. v. Ray-O-Vac Co., 1944, 321 U.S. 275, 64 S.Ct. 593, 88 L.Ed. 721; Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 2 Cir., 247 F.2d 343; Franc-Strohmenger & Cowan, Inc. v. Arthur Siegman, Inc., D.C., 25 F.2d 108).

Despite the fact that Bede may have only combined known elements, nevertheless, until he had done so in the manner described by him, electric paint heaters had not been approved by UL and were not in general use. After the Bede invention there was a radical change and they became commercially successful and popular. As said by the court concerning the same Bede patent in James A. Bede and Bede Products Corporation v. Baker & English, Inc., Spree-Flo Company, Inc., D.C.N.D.E.O.Ohio 1958, 175 F.Supp. 849, "the patent here has inventive status because of the novel, unique arrangement and disposition of the essential elements and incorporation of the 'built-in' explosion-proof chamber and leakage passageway within the heat exchange block, so as to produce a compact, convenient, economical and commercially successful paint heater not theretofore disclosed in the prior art. I now think that Bede has combined known elements in such a new and useful way as to add something of value to the art of hot paint spraying."

In that case four patents not referred to by defendants here were advanced as prior art but the court held that "This prior art perhaps discloses the individual elements which were adopted by Bede but no one before Bede disclosed a completed combination so ordered and organized as to meet the type of heater that the paint spraying industry had been looking for, as evidenced by the response when Bede appeared with his heater."

■ Defendants point to the issuance of their patent No. 2,673,919 and argue that the same presumption of validity applies in their favor. But the validity of defendants' patent is not in issue. Nor does its allowance constitute a determination of non-infringement of the Bede claims. Mere variation in mechanical construction will not suffice to bar infringement if the principles set forth in the claims are adopted in the infringing device.

■ The claims of a patent measure the invention (Stearns v. Tinker & Rasor, 9 Cir., 1957, 252 F.2d 589, Universal Oil Products Co. v. Globe Oil & Refining Co., 7 Cir., 1943, 137 F.2d 3, affirmed 322 U.S. 471, 64 S.Ct. 1110, 88 L.Ed. 1399). Except for certain mechanical differences the paint heaters manufactured by the companies of which the individual defendants were officers and they or members of their families were owners employed the principles set forth in and which were protected by the Bede patent.

Claim 1 is typical and reads as follows:

"A paint heater comprising a housing, a heat exchange block within said housing, an electric heating element in said block having power leads extending through said housing, temperature responsive means in said block operative to open the heating element circuit upon heating of said block to a predetermined temperature, a cap connected to said block confining said element and means within said block and form-

ing an explosion-proof chamber with said block which includes a minute leakage passageway communicating the chamber with the exterior of said block, means forming a passageway heated by said block through which paint is adapted to be flowed and thus heated, and inlet and outlet conduits leading from the exterior of said housing to opposite ends of such passageway."

■■ In my opinion the paint heater manufactured in accordance with the drawings (Exh. 3) and used by defendants and the paint heaters (Exh. H) manufactured in accordance with the drawings (Exh. D) and sold embodied the essential features of the claims asserted in the Bede patent and infringed. A comparison of the defendants' paint heater with the heater described in plaintiff's patent shows a close similarity. This resemblance is best shown graphically on exhibit 6. Following the components listed in claim 1, each of the essential features of the claim is to be found in the drawing of defendants' infringing paint heater (Tr. 61–69; as to claim 14, Tr. 69–72). Plaintiff is entitled to an injunction against further infringement by defendants and each of them and by any company owned or controlled by said defendants or of which they or any of them are officers.

The foregoing opinion constitutes the findings of fact and conclusions of law required by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Within ten days the parties may propose and submit such additional findings as they may consider to be appropriate.

The accounting for profits and damages, if any, against such defendants who have infringed or who have actively induced infringement by making, using or selling the infringing paint heater and assessment of costs and attorney's fees are referred to James N. Buckner, Esq., 90 Broad Street, New York, N. Y., to take such proof as may be necessary and to report his conclusions thereon.