TATKO BROTHERS SLATE CO., Inc.,
Middle Granville, New York

v.

CAPITOL SLATE COMPANY, Inc., East
Bangor, Pennsylvania.

TATKO BROTHERS SLATE CO., Inc.,
Middle Granville, New York

v.

NORTH BANGOR SLATE COMPANY,
Bangor, Pennsylvania.

TATKO BROTHERS SLATE CO., Inc.,
Middle Granville, New York

v.

STAR SLATE, INC., Bangor,
Pennsylvania.

TATKO BROTHERS SLATE CO., Inc.,
Middle Granville, New York

v.

ANTHONY DOLLY AND SONS INCORPORATED, Pen Argyl, Pennsylvania.

TATKO BROTHERS SLATE CO., Inc.,
Middle Granville, New York

v.

STEPHENS-JACKSON COMPANY, Pen
Argyl, Pennsylvania.

Civ. A. Nos. 29062–29065, 29067.

United States District Court
E. D. Pennsylvania.

Aug. 5, 1963.

Frank H. Borden, Philadelphia, Pa., J. Preston Swecker, Robert S. Swecker, Burns, Doane, Benedict, Swecker & Mathis, W. Brown Morton, Washington, D. C., for plaintiff.

Virgil E. Woodcock, of Woodcock, Phelan & Washburn, Philadelphia, Pa., John C. Blair, Stamford, Conn., Robert A. Cesari, Robert A. Cahill, Blair & Buckles, Boston, Mass., for defendants.

GRIM, District Judge.

Plaintiff has brought suit against the five defendants for patent infringement.

Defendants admit infringement, but deny the validity of the patent, claiming that it lacks invention over the prior art. The five actions were consolidated and tried non-jury.

The patent in issue covers a wood pallet or platform, rectangular in shape, used largely for the loading and transportation of finished slate. For many years the slate industry used wooden platforms on which to place finished slate. These platforms or pallets with slate on them were moved from place to place in the finishing buildings of slate manufacturers and even to railroad cars or delivery trucks for purposes of transportation to the yards of dealers who sold the slate. One of the problems arising from the use of pallets came from the fact that as the pallets and slate were transported, the slate would move and sometimes fall off the pallets.

Mr. Tatko, one of the officers of plaintiff corporation, solved the problem of falling slate by putting two holes in each end of the platform. The holes were about the length of the width of cut slate and about the width of the thickness of the slate. By inserting pieces of slate in each of these holes to act as vertical end supports two rows of slate standing on end could be loaded on the deck of the platform between the end supports so firmly that they did not move from their positions as the pallets moved and they did not fall from the pallet as it moved. The pieces of slate acting as end supports did not fall through the holes in which they were placed because of supporting boards beneath them, which were nailed to the lower part of the beams which supported the platform.

The deck of the Tatko pallet was raised above the level of the ground to the height of the beams underneath the deck. Because the deck was raised above the level of the ground, the fork of a fork lift truck could be inserted into the pallet beneath the deck. In this manner the pallet was picked up by fork lift truck and carried anywhere it might be desired, as for instance other places in the slate-making plant or the delivery trucks or railroad cars.

Defendants claim that the idea of putting holes in a platform and inserting slate therein as vertical end supports for the slate load does not demonstrate inventive genius. They argue that the Tatko pallet was anticipated by the prior art in evidence [1] and "would have been obvious at the time the invention was made to a person having ordinary skill in the art * * *." [2]

■ While no precise test can be laid down for determining the validity of a patent, it has been held that the criterion of patentability is: "a new and useful result which called for more than the ingenuity of a mechanic skilled in the art * * * not anticipated by the prior art." Dole Refrigerating Co. v. Amerio Contact Plate Freezers, Inc., 265 F.2d 627, 629 (3d Cir., 1959).

There are only two material elements in the Tatko patent: (1) a platform for use with fork lift trucks and (2) the formation of holes in the platform for the insertion of vertical slate end supports.

Neither of these elements is new. From the evidence I find that the platform without end supports for use with fork lift trucks dated from 1946, and that pallets with movable wooden stakes or headers inserted in holes for end support were manufactured for the government during the second World War. Further there is the Lilienfeld Patent No. 2,471,693, which disclosed a platform together with four hinged arms, two on opposite sides of the pallet which could be raised perpendicular to the surface of the pallet and thus provide support for the load. Finally, the ordinary tractor-trailer used in transporting slate over

---

1. Plaintiff's patent is dated Nov. 9, 1954. Application for the patent was filed March 3, 1954, but plaintiff claims that he actually invented the pallet on June 2, 1951. For purposes of determining priority of art, the 1951 date of invention will be accepted.

2. 35 U.S.C.A. § 103. Condition for patentability; non-obvious subject matter.

the years before the Tatko patent, was equipped with tailboards and sideboards secured in holes or pockets to support slate in transport. The platforms and tractor-trailers used boards in holes rather than slate for end supports, but whether boards or slate are used for this purpose, the same principle applies.

Paraphrasing the Supreme Court, invention " * * * cannot be found in mere enlarging of a hole—a contrivance which time out of mind, has been of whatever size suited the user's needs." Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 150, 71 S.Ct. 127, 95 L.Ed. 162 (1950). Likewise Tatko cannot claim invention in using slate in the holes as end supports rather than wooden stakes or sideboards. To make such a choice of supporting devices called for no skill beyond that of an ordinary mechanic in the slate-pallet art. Tatko Bros. Slate Co. v. Hannon, 270 F.2d 571 (2d Cir., 1959), cert. denied, 361 U.S. 915, 80 S.Ct. 260, 4 L.Ed.2d 185 (1959); Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 134 F.Supp. 4 (N.D.N.Y. 1955), aff'd 233 F.2d 9 (2d Cir., 1956), cert. denied 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123 (1956).

True it may be that no one had developed the idea of using pallets with slate as support prior to the 1951 Tatko pallet, but it does not follow from this that the idea was inventive. Tatko admitted in testimony that there was no demand for the transportation of slate on pallets prior to 1954 when slate dealers began to utilize fork lift trucks in their yards. When the demand arose after 1954, it was promptly filled. There was no long-felt want which others had long and unsuccessfully sought to fill. Tatko may have been foresighted in developing his pallet in 1951 but he was not inventive.

The plaintiff's patent No. 2,693,-926 is invalid and void for lack of invention. The statements expressed herein constitute the court's findings of fact and conclusions of law.

No opinion is expressed concerning the defendants' request for attorney fees and other relief since no evidence thereon was presented at the trial.

### ORDER

And now, this 5th day of August, 1963, plaintiff's complaint for infringement of letters patent is dismissed with prejudice.