Benjamin A. SKIROW and Nathan Skirow, d/b/a Skirow Brothers, a partnership, Plaintiffs-Appellants,

v.

ROBERTS COLONIAL HOUSE, INC., Defendant-Appellee.

No. 15332.

United States Court of Appeals Seventh Circuit.

June 1, 1966.

Norman H. Gerlach, Chicago, Ill., for appellants.

Edward C. Threedy, Clarence E. Threedy, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

Benjamin A. Skirow and Nathan Skirow, d/b/a Skirow Brothers, a partnership (Skirow), brought this action in the district court against Roberts Colonial House, Inc. (Roberts). Skirow sought injunctive relief and damages arising out of alleged infringement by Roberts of United States Letters Patent No. 3,064,872. The patent in suit was granted to Benjamin A. Skirow on November 20, 1962. It is now owned in equal shares by plaintiffs.

Roberts answered by denying infringement and asserting invalidity on several grounds. Roberts counter-claimed under the declaratory judgment statute, 28 U.S.C.A. § 2201, again asserting invalidity and noninfringement.

Following a two-day trial to the court, claims 6 and 7 of the instant patent were held to be invalid in view of certain prior art references and because the subject matter of the patent failed to disclose the invention of anything new or novel. The trial court further held that Roberts' accused device did not infringe claims 6 and 7 of the patent in suit. Judgment was rendered accordingly in favor of Roberts and against Skirow on the plaintiffs' amended complaint and defendant's counterclaim. From this judgment Skirow appealed.

The district court filed a memorandum decision embodying its findings of fact and conclusions of law.

The patent in suit is entitled "CUP CONTAINER" and describes a container designed for the protective storage of fragile cups. As embodied in Skirow's product, the container, which is made of a flexible material, has the shape of a low flat cylinder, having an integrated bottom and zippered top, which can be opened for the placement or removal of cups. Six strips of soft, flexible material, each longer than the diameter of the cylinder, but equal in height to the cylinder, are attached at their ends at various points, approximately equidistant, on the circumference of the cylinder. The six strips are joined side by side at the center of the cylinder by a slideable loop which encircles them. The interior of the cylinder is thereby divided into twelve radial compartments, the walls of which, excluding the cylinder wall, are wavy due to the length and character of the strips comprising them. Each compartment thus made accommodates one cup, which is placed into the compartment on its side, and the two flexible, curved walls of each compartment serve to limit and cushion movement of the cup.

The loop which joins the divider strips at the center is made to slide along the strips so that, if each radial compartment of the cylinder is not occupied by a cup, the loop may be slid along the divider walls to make the divider walls of the occupied compartments fit the cups more snugly. This slideable loop is an essential element of claims 1, 4 and 5 of the patent in suit.

Roberts' accused device is similar to that of Skirow, except that the divider strips are made of an elastic material, are folded at an angle at the center, and are sewed together at the center. Unlike

the Skirow product, compartment size cannot be altered in Roberts' product.

Skirow began manufacture of its cup container in 1960. Roberts began selling the accused cup container after Skirow's initial manufacture.

Claims 6 and 7 of the patent, upon which the suit is based, read as follows:

"6. A cup container comprising a substantially cylindrical liner having a plurality of non-intersecting divider strips anchored at their ends to the liner, the strips being of greater length than the diameter of the liner, and means of interconnecting the strips in side-by-side relationship between their ends."

"7. A cup container comprising a liner, with a plurality of elongated wavy non-intersecting divider strips attached at their ends to the liner, and means of interconnecting the strips in side-by-side relation between their ends."

■ While a presumption of validity arises from a grant of a patent by the patent office, there is no presumption of validity as against prior art not before the patent office. Senco Products, Inc. v. Fastener Corporation, 7 Cir., 269 F.2d 33, 34 (1959); Hobbs v. Wisconsin Power & Light Company, 7 Cir., 250 F. 2d 100, 105 (1957).

Of the two most relevant prior art patents, the Schmidt patent, No. 366,886 and a German patent, No. 339,994, Schmidt was not cited by the patent office examiner.

The Schmidt patent reveals a container usable for the storage of cups, having compartments created by straight divider strips stapled together at the center of the cylinder.

The German patent shows an egg container, having receptacles or compartments, each made of curved dividing walls. A lobe or flange is cut into the dividing wall and curved in the direction opposite to that of the wall from which it is cut. The lobe, together with the adjacent dividing wall, forms a clamping jaw which holds the egg in place. The curved walls of the German patent, while not attached to the cylinder wall, are longer than the diameter of the cylinder.

■■ Simple division of a space into smaller spaces by a simple means is an old idea. The application of an old principle to a new use will not gain a patent unless the new use would not have been obvious at that time to a person of ordinary skill in the subject matter art. 35 U.S.C.A. § 103. Furthermore, under the 35 U.S.C.A. § 103 nonobviousness requirement, it is enough to defeat a patent if from one or more related prior art patents, one having ordinary skill in the art would find the claimed invention obvious. Armour & Co. v. Wilson & Co., 7 Cir., 274 F.2d 143, 146 (1960); Senco Products, Inc., supra; Enterprise Railway Equip. Co. v. Keystone Ry. Equip. Co., 7 Cir., 267 F.2d 102, 105 (1959); Hobbs v. Wisconsin Power & Light Company, supra; cf. Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).

■ We agree with the trial court that in view of the prior art, both that cited by the patent office and the uncited art, the patent is invalid on the ground of obviousness to those having skill in the art. This conclusion is in accord with the Supreme Court's recent affirmation and application of the nonobviousness standard of patentability, found in Graham v. John Deere Co., supra; see also United States v. Adams, 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572 (1966).

Having found invalidity of claims 6 and 7, we do not necessarily reach the issue of infringement. However, our review of the record compels us to conclude that the decision of the trial court was correct.

In the file wrapper history of the patent in suit, that which distinguishes the patent from prior art was the "slideable loop", the "non-intersecting" divider strips, and their "side-by-side" relationship. The trial court found the invention limited to those distinguishing features. Universal Oil Products Co. v.

Globe Oil & Refining Co., 7 Cir., 137 F.2d 3 (1943).

Skirow contends that the trial court erred because claims 6 and 7 call for means interconnecting the strips in side-by-side relation between their ends. These claims are asserted to cover Roberts' product. It is claimed that the divider strips of the accused device are non-intersecting and that they are interconnected by a means in a side-by-side relationship.

 Since a patent owner may not narrowly construe his claim to avoid prior art, as the file history here discloses, and then broadly construe it in order to include an accused device, Fife Manufacturing Co. v. Stanford Engineering Co., 7 Cir., 299 F.2d 223, 226 (1962), the trial court was correct in limiting claims 6 and 7 to the functional import of the "slideable loop", the "non-intersecting" divided strips, and their "side-by-side" relationship.

In the Skirow patent, the divider strips were made non-intersecting so that the strips could move independently of each other. While, literally viewed, Roberts' divider strips are non-intersecting because they are bent into an angle at the center of the cylinder, they are, however, stitched together securely at the center. They cannot, therefore, move independently of each other as the strips do in Skirow's patent.

Neither a literal application of claim phraseology nor similarity of result is sufficient to establish infringement. There must be a real identity of means, operation, and result. North Star Ice Equipment Co. v. Akshun Manufacturing Co., 7 Cir., 301 F.2d 882, 886 (1962); Fife Manufacturing, supra; Independent Pneumatic T. Co. v. Chicago Pneumatic T. Co., 7 Cir., 194 F.2d 945, 947 (1952).

As for the "side-by-side" relationship, the trial court found that Roberts' divider strips were not connected in side-by-side relation. Again, while in an extended sense, the folded divider strips of Roberts' device are in "side-by-side" relation because they are radially contiguous from the center of the cylinder, they are not "side-by-side" in terms of means, operation and result. They are stitched together, cannot be made to move independently of each other, and cannot be adjusted to form smaller compartments. We conclude that infringement has not been established. North Star Ice, supra; Fife Manufacturing, supra.

We have carefully considered Skirow's several contentions on this appeal, but are not persuaded by them.

In sum, we hold that claims 6 and 7 of the patent in suit are invalid on the grounds of obviousness. Assuming validity, we hold there was no infringement of claims 6 and 7 by the accused device.

The judgment appealed from is affirmed.

Affirmed.