John M. SISKO, Appellant,

v.

SOUTHERN RESIN & FIBERGLASS
CORPORATION, Appellee.

No. 23471.

United States Court of Appeals
Fifth Circuit.

March 6, 1967.

George N. Hibben, Chicago, Ill., Francis D. Thomas, Jr., Washington, D. C., Lynn F. Lummus, Wm. R. Dawes, Miami, Fla., Hibben, Noyes & Bicknell, Chicago, Ill., Bacon & Thomas, Washington, D. C., Dawes & Lummus, Miami, Fla., of counsel, for appellant.

A. D. Freeman, Jr., New Orleans, La., W. Philip Churchill, Charles B. Smith, New York City, Melvin T. Boyd, Miami, Fla., Fish, Richardson & Neave, New York City, Blackwell, Walker & Gray, Miami, Fla., Morphy, Freeman & Batt, New Orleans, La., for appellee.

Before BROWN, BELL, and AINSWORTH, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

This appeal by the plaintiff below is from a judgment holding all six claims of United States Letters Patent No. 3,139,-371 invalid and not infringed by defendant-appellee. The District Court sustained the asserted defenses of invalidity based on an absence of novelty over the prior art, invalidity in that the claimed invention was obvious to persons having ordinary skill in the art, and invalidity by reason of the product of the patent having been sold and used commercially more than a year prior to the filing date of the patent. The court also concluded that there was no infringement. Findings of fact and conclusions of law were entered with respect to each of the defenses. We affirm on the ground of obviousness. For that reason it is unnecessary to reach the other assignments of error. Cf. J. R. Clark Company v. Murray Metal Products Company, 5 Cir., 1955, 219 F.2d 313 on the appropriateness of this procedure.[1]

1. The District Court followed the salutary practice of determining the validity of the patent before going to the question of infringement. Sinclair & Carroll Co., Inc. v. Interchemical Corporation, 1945, 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644;

The patent in suit is entitled "Core Block Construction." It is an improvement patent in the field of core materials. It was granted on June 30, 1964 to appellant Sisko on an application filed May 24, 1963. The patent involves a construction material for use in forming laminated boat hulls.[2] It consists of a plurality of balsa core blocks, preferably three inches long and three inches wide, arranged in side-to-side, end-to-end coplanar relation to form a core sheet. These blocks are attached to a flexible and stretchable backing material, preferably a nylon hexagonal mesh, by means of a spot adhesive. The backing material is bonded to each block by glue spaced inwardly from the edges of the blocks in order to facilitate the relative movement of the individual blocks with respect to one another. The gluing and spacing of the blocks when combined with the stretchable backing material permits the sheet to be incorporated into a flat laminate or one of single or compound curvature, ideal for the construction of boat hulls.

The file wrapper indicates that the patent application was rejected by the Patent Office until the claims were limited to two critical features. One of these called for using a stretchable backing material for the blocks. The other called for the backing material to be attached to the blocks by a spot adhesive placed at points inwardly from the edges of the blocks.

Appellee is the distributor of the accused product, "Contourkore." This product was manufactured by Balsa Development Corporation, a subsidiary of the Balsa Ecuador Lumber Corporation of New York, and had been made in two forms. The product made prior to September 1964 was composed of a layer of balsa wood blocks held together by a fiberglass backing, spot glued to one surface of the blocks inwardly from the edges of the blocks. The product made after September 1964 was similarly composed, but the fiberglass fabric was secured to the balsa blocks by glue lines extending completely across the face of the blocks.

The defense of noninfringement was based on two features which were claimed as distinguishing the accused "Contourkore" from the patent in suit: a different backing material, and the manner in which the blocks were bonded to

Up-Right, Inc. v. Safway Products, Inc., 5 Cir., 1963, 315 F.2d 23. The case, coming to us for review as it does on a record which includes findings and conclusions on both validity and infringement, is ripe for final disposition even in the event of reversal on validity. This posture reflects good judicial husbandry.

2. Claim 1—"A construction material for use in forming laminated boat hulls and the like, comprising: a plurality of core blocks arranged in side-to-side, end-to-end coplanar relation to define a substantially continuous core sheet; a sheet of flexible and stretchable material covering one face only of said core sheet and being provided throughout its entire extent with a plurality of uniformly distributed openings therethrough; and connecting means securing said sheet of flexible material to one face only of said core sheet, said connecting means attaching the sheet of flexible material to the adjacent surface of the individual core blocks at points spaced inwardly with respect to the side edges of said surfaces, the other surfaces of the respective core blocks remaining unconnected to permit a floating movement of said core blocks with respect to said sheet of flexible material and to thereby enable said core sheet to conform against a surface of compound curvature disposed outwardly of said other face thereof."

Claim 2—"A material as defined in claim 1 wherein said connecting means comprises a spot adhesive."

Claim 3—"A material as defined in claim 1 wherein said flexible material comprises a lightweight nylon mesh of hexagonal configuration capable of being stretched in any direction."

Claim 4—"A material as defined in claim 1 wherein said core blocks are formed of balsa, each being on the order of three inches in length and width and on the order of from one-half inch to one inch in depth."

Claims 5 and 6—Directed to incorporating the product of claim 1 in laminated boat hulls.

this material. These were said to avoid the two critical features which gave the Sisko claims patentability. First, in the Sisko patent the backing material, nylon mesh, was stretchable. In the "Contourkore" product, the fiberglass backing was non-stretchable according to the findings. This takes on added significance in light of appellant's admission that his experiments with fiberglass were unsuccessful. Secondly, the blocks in the product of the patent are bonded by a spot adhesive spaced inwardly from the edges of the blocks. It is not clear that appellee's bonding system prior to 1964 was different. After September 1964 appellant's practice was to use glue lines extending completely across the face of the blocks. Sisko urged that this was relatively unimportant in any event as the adhesive pulled loose from the blocks when the sheet was curved with the result of matching the method of the Sisko patent.

The record contains considerable evidence showing the need for the product of the patent, and the commercial success of the product. The evidence also discloses that the manufacturer of the accused product sought a sales agreement under the patent in suit and sought also to purchase appellant's business prior to developing "Contourkore." This conduct, of course, buttresses appellant's contention of novelty and utility, and it likewise supports the idea of need for the product.

■ The Supreme Court had occasion to consider the question of obviousness with respect to the validity of a patent in a recent case. Graham v. John Deere Co., 1966, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545. The court construed the language of 35 U.S.C.A. § 103, as meaning that a patent may not be obtained, although the invention has not been identically disclosed in the prior art, when the differences between the subject matter for which the patent is claimed and the prior art are such that the subject matter as a whole would have been obvious to a person having ordinary skill in the art to which the subject matter pertains. We followed this decision in Up-Right, Inc. v. Safway Products, Inc., 5 Cir., 1966, 364 F.2d 580.[3] There we approved a finding of invalidity based on obviousness, and pointed out that patentability depends not only on novelty and utility, but also on nonobviousness.

■ Thus we come to the question of obviousness or nonobviousness for appellant must first cross that statutory hurdle. Moreover, our path, as was true in Graham v. John Deere Co., is to decide that question, which is a phase of the legal question of validity, on the result of factual inquiries. These inquiries are to be directed to the scope and content of the prior art and practices, the differences between the prior art and practices and the claims at issue, and the level of ordinary skill in the art involved.

We begin with the problem which was to make a construction core in the form of sheets out of balsa blocks for use in the laminated boat hull industry. It was necessary for the sheets to have the characteristic of drapability so as to fit the desired contours of the hulls. Compound curves were a part of the problem.

Some of the prior art cited by the Patent Office, Muller, No. 2,556,884; Winnick, No. 2,562,976; and MacDonald, No. 2,653,358, in granting the patent in suit is, beyond question, pertinent. However, two patents, not considered by the Patent Office in granting the patent, were found by the District Court to be more pertinent.[4] We agree. The first of

3. This was the second appearance of that case in this court. See 315 F.2d 23, supra, for the first appearance.

4. By reason of the failure of the Patent Office to cite this and the Ams patent, No. 476,354, the District Court concluded that the patent in suit was entitled to no statutory presumption of validity under 35 U.S.C.A. § 282. This conclusion is assigned as error but we do not reach that question in the view we take of the case. Even assuming a presumption, it would not overcome the obviousness which appears from the sum of the record, and the invalidity which follows therefrom. On the strength of the presumption under such circumstances, see Cornell v. Adams

these is the Cunninghame patent, No. 972,754, issued in 1910. It involved a decorative mosaic structure consisting of a series of small square units or blocks glued to a backing sheet of thin pliable material. The blocks were fastened to the backing so that they were entirely independent of one another, allowing them to be flexed in any direction and applied to any curvilinear surface. The District Court found that this patent described the same combination of the same three elements; i. e., blocks, a flexible backing sheet, and the gluing of the blocks to the sheet in such a manner as to make them independent of each other and capable of being flexed in any direction; and that they were capable of performing the same function as the product of the Sisko patent.

The second was the Ams patent, No. 476,354, issued in 1892. It described a material for use as a facing for ceilings, floors, partitions and the like. The facing was to consist of tile blocks placed side by side on an open mesh flexible backing sheet, such as wire netting, to which the tiles were individually fastened by cement. The cement as applied was set back from the edges of the blocks. In this way the netting was exposed between the joints allowing the facing to be rolled up. The backing sheet of the Ams patent was described as flexible.

With respect to the use of the balsa blocks in boat hull construction, there was evidence of the use of balsa strips as a core material in laminated boat hulls prior to the patent filing date. This practice was known to Sisko. The Edwards Boat Company of Lumberton, North Carolina, and Nor-Tex Manufacturing Co. of Dennison, Texas, in 1959 and 1960, employed balsa wood core strips or slats laid out in sheets or carpet forms of the desired contour, nonflexible, and held in place by a backing material to which one surface of the balsa was glued with a polyester resin. The balsa slats were in such lengths as would conform to the desired contour. These hull

manufacturers made their own sheets after purchasing the balsa. The controversy here is over the new practice of prefabricating the sheets of balsa in flexible form for sale to the hull manufacturers. Both parties are so engaged.

It would appear that the differences between the claims of the Sisko patent, on the one hand, and these prior art patents and practices, on the other, involved only a choice of material, balsa blocks over other types of material; structural details such as sizes of the blocks; and the use of a stretchable backing, nylon, rather than cloth or wire. Spot gluing as well as the use of backing on a group of blocks was old in the art. Flexibility to accomplish drapability in the area of curves was also old. A stretchable backing would merely facilitate the desired flexibility. Anyone skilled in the laminated plastic boat field would be aware of the need for a drapable core material to conform to the contour of a boat hull. It would be apparent that drapability could be accomplished by the use of a flexible backing on blocks and the spacing of the blocks on the backing so as to permit their movement. It would also be apparent that the smaller the blocks, the more readily they would conform to a curved surface. Edwards and Nor-Tex had employed the core material principle of using balsa slats or blocks laid out in a sheet or carpet of the desired contour. Appellant improved the process by providing blocks in flexible sheets so as more readily to conform to the varying contours, but Cunninghame and Ams taught this procedure long before.

■ We conclude, based on the test set out in Graham v. John Deere Co., supra, that the facts of record amply support the findings and conclusion of the District Court that the patent in suit is invalid because of obviousness. The improvement which it teaches is the work of a skillful mechanic but does not rise to the level of an invention.

Affirmed.

Engineering Company, 5 Cir., 1958, 258 F.2d 874; Murray Company of Texas,

Inc. v. Continental Gin Co., 5 Cir., 1959, 264 F.2d 65.