The **LODGE & SHIPLEY COMPANY**, Plaintiff,

v.

**HOLSTEIN AND KAPPERT G.m.b.H. and Wolfgang Backhaus,** Defendants.

Civ. A. No. 67-H-869.

United States District Court, S. D. Texas, Houston Division.

Oct. 14, 1970.

Tom Arnold, Arnold, White & Durkee, Houston, Tex., William G. Konold, Wood, Herron & Evans, Cincinnati, Ohio, for plaintiff.

B. R. Pravel, Pravel, Wilson & Matthews, Houston, Tex., Michael J. Striker, New York City, for defendants.

HANNAY, District Judge.

## FINDINGS OF FACT

### A. FINDINGS RE MEIERJOHAN PATENT NO. 2,695,190

1. This is a suit for alleged infringement of claim 12 of U. S. Patent No. 2,695,190 entitled, "Article Transferring Apparatus", which was issued to Ernest Meierjohan on November 23, 1954, and which was assigned to Plaintiff, The Lodge & Shipley Company, prior to the filing of the Complaint in this cause. This suit is also for the alleged infringement of claim 8 of U. S. Patent No. 2,873,996 entitled, "Lifting Cup For Article Transferring Apparatus", which was filed by Charles J. McHugh and issued to his assignee, The Lodge & Shipley Company, plaintiff herein, on February 17, 1959.

2. The article transferring apparatus of the Meierjohan Patent No. 2,695,190 is an apparatus for lifting a plurality of bottles or other articles from a case or box to a conveyor or other location. As disclosed in the Meierjohan patent, the apparatus has a plurality of article-engaging members or gripping heads, mounted on a movable manifold frame for picking up a plurality of bottles or other articles. Each article engaging member or gripping head is formed with a single rubber tube or liner (Figs. 7 and 8) that is mounted in a rigid cylindrical shell so that air pressure inflates the rubber tube to cause it to squeeze around the upper end of the bottle to grip the bottle for lifting it. Each article-engaging member or gripping head is flexibly supported on a flexible hose so that the gripping head can shift freely from side to side, tilt and move upwardly as it moves into position for engaging or gripping the bottle. These movements are shown in Figs. 3, 4 and 5 of the Meierjohan patent.

3. In U. S. Patent No. 2,308,209, entitled, "Article Transferring Apparatus" issued to Charles Schmutzer on January 12, 1943, the basic concept of mounting a plurality of article engaging members on a frame for lifting or picking up bottles from a case or box was disclosed. The article engaging members were made with an inflatable cup inside of a rigid cylindrical shell (Fig. 3), almost identical to the article engaging members of the Meierjohan patent, the only difference being that the Meierjohan patent disclosed a *single* wall for the inflatable liner whereas the Schmutzer patent disclosed a *double* wall for the inflatable liner.

4. In U. S. Patent No. 1,943,483 entitled, "Ware Transferring Apparatus", issued to W. J. Miller on January 16, 1934, the combination of a flexible hose and an article engaging member for lifting or picking up articles, such as cups, bowls, etc., was disclosed. In Fig. 8 of the Miller patent, the combination of a flexible hose for suspending an article engaging member adapted to grip internally of the article was disclosed, and in Fig. 9a, an article engaging member was disclosed having an air inflatable double wall liner inside a rigid cylindrical shell for gripping externally of the article, using air pressure, as a modified form of Fig. 8. Although the Miller patent was primarily concerned with handling pot-

tery ware, he stated that his mechanism could be applied "to perform any function of which it is capable", and in this connection, claim 12 of Meierjohan is for "article" transferring which encompasses any articles such as the pottery ware of the Miller patent. With the gripping head of Fig. 9a of Miller suspended from a flexible hose as in Fig. 8 of that patent, the Miller apparatus would inherently perform all of the functions of the Meierjohan apparatus, since both have the same combination of a flexible hose suspending a gripping head. Furthermore, the Miller patent specifically discloses that certain forms of his gripping devices have lateral play and swinging movement to facilitate centering the gripping head with respect to the article to be picked up by the gripping head, indicating that Miller recognized the need for compensating for axial misalignment of his gripping heads and articles to be picked up.

5. The teaching of compensating for axial misalignment between bottles and gripping heads was explicitly explained for picking up bottles in U. S. Patent No. 2,335,613 entitled, "Multistation Transfer Equipment", issued to Emery Sayen on November 30, 1943. In the Sayen patent, a rigid tube is shown (Figs. 14 and 17) as pivotally mounted to pivot the gripping head for compensating for misalignment of the gripping head with the bottle to be picked up. In Sayen, the bottles moved upwardly to the gripping heads, which is the same relative movement as the gripping heads moving downwardly to the bottles. The rigid tube of Sayen is disclosed as rocking to compensate for axial misalignment of the gripping heads and the bottles.

6. German Patent No. 836,162, published August 20, 1951 and issued to Willem A. Tellier also disclosed the idea of using a flexible hose to suspend a gripping head for picking up eggs. The flexible hose was deliberately made of rubber so that it would flex or bend to compensate for misalignment of the eggs. Although the German Patent No. 836,162 was primarily concerned with vertical misalignment of the eggs, the flexible hose of the patent would necessarily allow the gripping head to shift freely from side to side, tilt and move upwardly when engaging an article, whether an egg or a bottle. The prior art before Meierjohan thus establishes conclusively that those skilled in this art who considered the problem of the misalignment of a gripping head and an article to be picked up, whether it was an egg as in German Patent No. 836,162, pottery ware as in Miller Patent No. 1,943,483, or bottles as in Sayen Patent No. 2,335,613, used either a flexible hose with a gripping head (Miller and German patent) or a pivoted rigid tube (Sayen), to compensate for misalignment or to provide centering, establishing that the structure and function of claim 12 of Meierjohan was old and was clearly obvious to those having ordinary skill in the art before Meierjohan entered the field. Furthermore, Meierjohan himself, a completely unskilled man in the art of picking up botttles, when he first decided to build an apparatus for lifting bottles, just picked up a flexible tube and made an inflatable cup without any hesitation or problems. There is absolutely no evidence of a long standing problem in this case, and further, there is no evidence of anyone in the art having difficulties or problems in designing apparatus to compensate for misalignment of gripping heads and articles to be picked up.

7. At the time Meierjohan entered the field, he thought he was the first to compensate for axial misalignment of a gripping head and an article to be picked up (See Meierjohan patent, column 3, lines 10–15), but this was not true because devices for lifting bottles out of cases to a conveyor or other location were old and in wide commercial use, examples of which were apparatus sold by the Meyer Company and the Barry Wehmiller Company, and they had the ability to "hunt" or center their gripping devices over bottles that were off-center or mis-aligned by as much as

three-eighths (⅜) of an inch. The "Climax" device (Defendants' Exhibit 1) in its commercial form is almost a carbon copy of McHugh Patent No. 2,873,996, and such device had commercial success. There is evidence that the Plaintiff's Climax device replaced some of the prior art devices in one plant in Massachusetts, and there was testimony that this was because Plaintiff's commercial device could pick up almost all, some "99.-97%" of misaligned bottles, but such commercial success was accomplished with a device made like the McHugh Patent No. 2,873,996, not the Meierjohan Patent No. 2,695,190. In fact, there is no evidence of any commercial success of the Plaintiff's devices until 1959 (Plaintiff's Exhibit 17) and that was after Plaintiff had adopted the construction of the McHugh patent which was filed in 1956 and issued in 1959, as testified to by the vice-president of Plaintiff.

8. The devices (PX–38; PX–39) of Defendant, Holstein & Kappert, charged to infringe claim 12 of Meierjohan are a part of equipment for packing bottles into cases or boxes, which apparatus is known commercially as a "packer", one of which was delivered to Joseph Schlitz Brewing Co. in Milwaukee, Wisconsin.

9. I find that claim 12 of the Meierjohan patent must be construed as limited to the combination of a gripping head having a single thickness inflatable cup and a flexible hose suspending the gripping head. Claim 12 specifically recites the "distensible annulus" as being in "close proximity" to the inner surface of the cylindrical wall portion, which limits the claim to the single thickness cup. Claim 12 defines the "means for suspending" the article-engaging member in terms of a "whereby" clause beginning at column 5, line 20 of the Meierjohan Patent No. 2,695,190, which "whereby" clause is purely functional and at the point of alleged novelty over the prior art, and as such, such language may be ignored, but even if the "whereby" clause is considered as a meaningful part of claim 12, such functional language is clearly directed to the move-

ments shown in Figs. 3, 4 and 5 of Meierjohan. This was the representation made by the attorney for Meierjohan when he submitted patent claim 12 to the Patent Office (see pages 48, 49 of file wrapper of Meierjohan Patent No. 2,695,190—Defendant's Exhibit 3), and such functions of Figs. 3, 4 and 5 can only be accomplished with a flexible hose, because it is impossible for a rigid pivoted tube to get into the bent positions of Figs. 4 and 5 of the Meierjohan patent. Furthermore, in view of the prior patent to Miller No. 1,943,483, which discloses the combination of a flexible hose and a double wall external gripping cup, claim 12 must be limited to a flexible hose and a single thickness gripping cup to have any novel structure. When so limited, claim 12 is not readable on any Holstein & Kappert gripping device (Plaintiff's Exhibits 38, 39, 44A), each of which has a gripping head with a double wall cup and a rigid tube pivotally mounted for suspending the gripping head, and therefore, claim 12 is not literally infringed by any Holstein & Kappert gripping device.

10. I further find that claim 12 is not infringed by the Holstein & Kappert devices under the doctrine of equivalents since there is not a real identity of means, operation and result between the gripping device of the Meierjohan patent and the Holstein & Kappert devices (Plaintiff's Exhibits 38, 39, 44A). The only "means" disclosed in the Meierjohan patent is a gripping assembly that has a flexible hose and a single thickness gripping cup. That "means" is contrasted with the rigid tube of Defendant's devices which is the same as the rigid tube of the prior art Sayen Patent No. 2,335,613. The Defendant's devices further have a double wall cup (Plaintiff's Exhibits 40, 41) which are virtually identical to the prior art Schmutzer Patent No. 2,308,209 (See Defendant's Exhibit 5A–Model of Schmutzer cup). There is therefore not a real identity as between the "means" of the Meierjohan patent and that of the Defendant's devices (PX–38, 39, 44A)

and they are not substantially the same as each other.

The operation of the Meierjohan patent is shown in Figs. 3, 4 and 5 of that patent, and is described functionally in claim 12 by the "whereby" clause. Such clause requires the cylindrical wall portion of the gripping cup to "shift freely from side to side", "tilt" and "move upwardly", and the Meierjohan device does all three of these things as shown in Figs. 3, 4, 5 of that patent (See also Defendants' Exhibit 2F). The Meierjohan cup 12 shifts to the right "side" of center in Fig. 4 and then the other "side" in Fig. 5 as admitted by Plaintiff's expert. Because of the flexible hose of the Meierjohan patent, it "shifts freely" as indicated by the hose bending Figs. 4 and 5, and as the attorney for Meierjohan stated in the file wrapper when arguing for the allowance of claim 12, the Meierjohan device "dangles" and "jiggles" (See Meierjohan file wrapper, page 50—Defendants' Exhibit 3). The Defendants' devices (PX–38, 39, 44A), on the other hand, are rigid tubes which pivot at their upper ends rather than freely shifting; the pivoting is only to one side of the center upon engagement with a bottle. The spring in Defendants' devices restrains the pivoting of the rigid tube and returns the tube to vertical (DX–2F). Such operation of Defendants' devices is comparable to the operation of the device of the Sayen Patent No. 2,335,613 as portrayed in Defendants' Exhibit 2G, both of which lack the free shifting from side to side of the flexible hose of the Meierjohan patent. Therefore, the operation of Defendants' devices is not substantially the same as that of the device of the Meierjohan patent or claim 12 thereof.

The result accomplished by the Defendants' devices is similar to that of the Meierjohan patent in that both pick up bottles, and both "hunt" or compensate for axial misalignment, but the evidence established by both experts is that in the commercial operation, Defendants' devices move only about one-quarter

(¼) of an inch off center which amount is less than the prior art Meyer and Barry Wehmiller devices which had the ability to hunt or move off center at least three-eighths (⅜) of an inch. The demonstration apparatus (Plaintiff's Exhibit 44) presented to the Court by Plaintiff was not an actual commercial device, and therefore, although Plaintiff was able to sometimes, although not always, get the Defendants' devices to move as much as three-fourths (¾) of an inch, there is no evidence that such result was accomplished in Defendants' actual equipment.

11. The Holstein & Kappert devices follow the prior art patents rather than the Meierjohan patent, since the Holstein & Kappert devices have the double wall gripping cup of the Schmutzer Patent No. 2,308,209 and the pivoted rigid tube of the Sayen Patent No. 2,335,613, which pivots to compensate for axial misalignment of the gripping head relative to the bottle to be lifted.

12. I find that claim 12 of the Meierjohan patent is indefinite and therefore fails to comply with 35 U.S.C. 112 because it states that the "cylindrical wall portion" is adapted to "move upwardly" "during movement of the frame vertically downwardly", whereas it is admitted by Plaintiff's chief engineer and Plaintiff's expert that there is never any upward movement of the cylindrical wall portion during downward movement of the frame.

13. I further find that when the purely functional language of the "whereby" clause of claim 12 of the Meierjohan patent is ignored, claim 12 is directly readable on, and is anticipated by, either Miller Patent No. 1,943,483 or Schmutzer Patent No. 2,308,209 under 35 U.S.C. 102.

14. If claim 12 of the Meierjohan patent is construed with the "whereby" clause to cover the Holstein & Kappert devices, then I find that under 35 U.S.C. 103, claim 12 would have been obvious from the prior art to a person having ordinary skill in the art, particularly the

U. S. patents to Miller No. 1,943,483 and Sayen No. 2,335,613. In this connection, the file history of the Meierjohan patent shows that the Sayen Patent was not considered by the Patent Office, and only Fig. 8 of the Miller Patent was mentioned by the Patent Office. Although the Miller Patent is the closest patent to the Meierjohan Patent claim 12, since Miller discloses the old combination of a flexible hose and an air inflatable gripping cup, the Sayen Patent is more pertinent than Miller or any other prior art in its express teaching of compensating for the misalignment of a gripping head and a bottle. I find that the Patent Office apparently overlooked the disclosure in Miller Patent No. 1,943,483 of the combination of a flexible hose and an external gripping cup using air pressure taught by combined Figs. 8 and 9a, and the teaching of centering the gripping heads to compensate for axial misalignment. I further find that representations were made by Meierjohan's attorney to the Patent Office in the file history of the Meierjohan patent when patent claim 12 was presented, which were misleading or inaccurate representations in that it was represented that the functions or results of the Meierjohan device as set forth in claim 12 were not inherent in the Miller device, whereas in fact, such functions or results were inherent in the Miller device. The file wrapper also shows that the attorney for Meierjohan made reference only to the Fig. 8 form of Miller which used suction and so directed the Examiner's attention away from Fig. 9a, which used air pressure for gripping externally of an article. Furthermore, the Patent Office did not have the express teaching of the Sayen Patent No. 2,335,613 to provide for pivoting to compensate for axial misalignment of the gripping head relative to the bottle, which teaching when coupled with the structure of the Miller patent, would have made claim 12 of the Meierjohan patent obvious at the time of the alleged invention by Meierjohan to a person having ordinary skill in the art.

## B. FINDINGS RE McHUGH PATENT NO. 2,873,996

15. This suit is also for the alleged infringement of claim 8 of U. S. Patent No. 2,873,996, entitled, "Lifting Cup For Article Transferring Apparatus", which was issued to Plaintiff, The Lodge & Shipley Company, as assignee of Charles J. McHugh, Jr., on February 17, 1959.

16. Claim 8 of the McHugh patent defines a lifting cup for picking up "articles" such as bottles with very specific limitations, including (a) a mouthpiece made of "slippery plastic such as nylon"; (b) a seal at the lower end of an inflatable bladder with respect to an outer shell; and (c) inflatable air cells between the bladder and the inner wall of the shell, none of which are found in the Holstein & Kappert devices (PX–30, 41) either literally or in equivalent form. Plaintiff conceded at the trial that Defendants' devices (PX–38, 40) do not infringe claim 8.

17. The mouthpiece of the Holstein & Kappert device is made of a thermosetting plastic, which is not a "slippery plastic such as nylon". Claim 8 of the McHugh patent cannot be construed to cover all types of plastic for the mouthpiece, since the claim itself differentiates between the "plastic" of the shell, and the "slippery plastic such as nylon". Plaintiff's expert did not know of what material Defendants' mouthpiece was made, and therefore, Plaintiff completely failed to carry its burden of proving that Defendants' devices are made of a "slippery material such as nylon". Furthermore, the Holstein .& Kappert devices do not have either the seal at the lower end of the bladder or the inflatable air cells between the bladder and the inner wall of the shell because the Holstein & Kappert devices employ a double wall gripping cup like that of the Schmutzer Patent No. 2,308,209, instead of the single wall cup disclosed in the McHugh Patent, and the ribs in Defendants' devices (PX–39, 41) do not form the "recesses" of the McHugh patent.

18. Plaintiff's expert stated that the difference between the McHugh patent

and the Meierjohan patent was in the provision of "air cells" in the McHugh lifting cup. Since the Miller Patent 1,943,483 discloses air cells, according to the uncontradicted testimony of Defendants' expert, then claim 8 of McHugh is fully anticipated by the Meierjohan and Miller patents.

## C. CONCLUSIONS OF LAW RE MEIERJOHAN PATENT AND McHUGH PATENT

1. This Court has jurisdiction of the parties and the subject matter of this action, 28 U.S.C. 1338(a); and venue is proper in this jurisdiction under 28 U.S.C. 1391(d).

2. Claim 12 of the Meierjohan patent is directed to a simple combination of a flexible hose and an inflatable gripping cup for lifting "articles". Patents on simple combinations should be confined strictly to the particular combination claimed, and while in principle the doctrine of equivalents is applicable to them it is only when most narrowly circumscribed. Texsteam Corp. v. Blanchard, 352 F.2d 983, 986 (5 Cir. 1965); Hughes v. Magnolia Petroleum Co., 88 F.2d 817 (5 Cir. 1937). Combination patents should be scrutinized with care proportioned to the difficulty and improbability of finding invention in an assembly of old elements. Spray-Bilt, Inc. v. Ingersoll-Rand World Trade Ltd., 350 F.2d 99 (5 Cir. 1965); Stabler v. Bright Leaf Industries, Inc., 261 F.2d 383 (5 Cir. 1958).

3. Here, claim 12 of the Meierjohan patent defines nothing more than an assembly of old elements, namely, a flexible hose support, and a gripping cup, each of which functions in its old and expected way in the combination, and by the uncontroverted testimony of Defendants' expert, Dr. Pennington, the combination of a flexible hose and an inflatable gripping cup for lifting articles was old in the patent to Miller No. 1,943,483. The only purported distinction over the old combination of the Miller patent is in the purely

functional language of the "whereby" clause of claim 12, which reads as follows:

"whereby, the cylindrical wall portion is adapted to shift freely from side to side, tilt, and to move upwardly upon engagement of the rim portion thereof with an article during movement of the frame vertically downwardly into article engaging position, and the rim of the article-engaging member slips over the top of the article which is gripped by the expansion of the distensible annulus mounted above the rim."

Such old combination cannot be rendered patentable by conveniently functional language at the alleged point of novelty. A function or result is not patentable. Claim 12 is therefore clearly invalid over the Miller Patent No. 1,943,483. Holland Furniture Co. v. Perkins Glue Co., 277 U.S. 245, 48 S.Ct. 474, 479, 72 L.Ed. 868 (1928); Texsteam Corp. v. Blanchard, 352 F.2d 983, 986 (5 Cir. 1965); Dollac Corp. v. Margon Corp., 164 F.Supp. 41, 54 (D.C.N.J.1958).

4. The "whereby" clause of claim 12 of the Meierjohan patent defined nothing except in terms of an asserted result and adds nothing to the structure of claim 12. Therefore, since all of the structure defined in claim 12 is found in either the Miller Patent No. 1,943,483, or the Schmutzer Patent No. 2,308,209, claim 12 is invalid. Detroit Gasket & Mfg. Co. v. Fitzgerald Mfg. Co., 89 F.2d 178, 181 (2 Cir. 1937); Gynex Corp. v. Dilex Institute of Feminine Hygiene, 85 F.2d 103, 105 (2 Cir. 1936).

5(a). Even if the purely functional language of the "whereby" clause of claim 12 of the Meierjohan patent is considered as a meaningful part of that patent claim, claim 12 is nevertheless invalid under 35 U.S.C. 102 over the Miller Patent No. 1,943,483 alone because all of the structure of claim 12 is disclosed in the Miller patent and all of the functions of the "whereby" clause of claim 12 are inherent when the Miller device is used to pick up bottles. More than a

new advantage, function or use for an old structure must be discovered in order to claim invention. General Electric Co. v. Jewel Incandescent Lamp Co., 326 U.S. 242, 249, 66 S.Ct. 81, 84, 90 L.Ed. 43 (1945); Gould-National Batteries, Inc. v. Gulton Industries, Inc., 361 F.2d 912, 914 (3 Cir. 1966); General Radio Co. v. Superior Electric Co., 321 F.2d 857, 862 (3 Cir. 1963); In re Krodel and Hackerman, 223 F.2d 285, 288, 289, 42 CCPA 993 (1955); Amphenol Corp. v. General Time Corp., 275 F.Supp. 903, 907 (D.C. Ill.1967); Dollac Corp. v. Margon Corp., 164 F.Supp. 41, 54 (D.C.N.J.1958); J. R. Clark Co. v. Murray Metal Products Co., 114 F.Supp. 224 (D.C.S.D.Tex. 1953). In construing claim 12, the "means" for performing the function of "suspending each article-engaging member from the manifold frame" has been treated as structure under 35 U.S.C. 112.

5(b). Further, if the purely functional language of the "whereby" clause is considered as a meaningful part of that claim, claim 12 is nevertheless invalid under 35 U.S.C. 103 over the Miller Patent 1,943,483 when considered together with the teaching of the Sayen Patent No. 2,335,613 because Miller discloses all of the structure of claim 12 and Sayen teaches the compensation for axial misalignment between a gripping head and a bottle. Therefore, in view of Sayen's teaching, it would have been obvious to a person of ordinary skill in the art that the Miller device would perform the functions of the "whereby" clause of claim 12 when the gripping cup engaged the crown of a bottle which was misaligned with respect to the gripping cup. 35 U.S.C. 103.

■ 6. The Court recognizes that the Meierjohan patent is presumed valid under 35 U.S.C. 282, but here Defendants have rebutted that presumption in at least four ways: First, by citing the Sayen Patent No. 2,335,613 and German Patent No. 836,162, neither of which was considered by the Patent Office and which explicitly teach the use of a flexible or pivotable suspension of a gripping head to compensate for partial misalign-

ment of the gripping head and the article to be picked up. The Miller Patent No. 1,943,483 was the closest patent to claim 12 since it disclosed the combination of claim 12, but Miller did not expressly teach the flexing or pivoting of a gripping head support to compensate for misalignment, and therefore, Sayen and German Patent 836,162 are more pertinent than Miller in this respect. When the Patent Office has not considered important contributions to the prior art, even if it is only one pertinent prior patent, the presumption of validity is weakened, if not completely destroyed. T. P. Laboratories, Inc. v. Huge, 371 F. 2d 231, 234 (7 Cir. 1966); Zero Mfg. Co., Inc. v. Mississippi Milk Producers Ass'n., 358 F.2d 853, 858 (5 Cir. 1966); Murray Co. of Texas, Inc. v. Continental Gin Co., 264 F.2d 65, 69 (5 Cir. 1965); John Deere Co. v. Graham, 333 F.2d 529, 530 (8 Cir. 1964), aff'd. 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966); Monroe Auto Equipment Co. v. Superior Industries, Inc., 332 F.2d 473, 481 (9 Cir. 1964); Cornell et al. v. Adams Engineering Company, Inc., 258 F.2d 874, 875 (5 Cir. 1958).

■ Secondly, the presumption of validity is rebutted or overcome here because of the misrepresentations or inaccurate statements made by Meierjohan's attorney to the Patent Office in urging the allowance of claim 12 over Miller. National Filters, Inc. v. Research Products Corp., 384 F.2d 516, 520 (5 Cir. 1967); Amerline Corp. v. Cosmo Plastics Co., 271 F.Supp. 215, 230 (D.C. Ill.1967); Unarco Industries, Inc. v. Evans Products Co., 275 F.Supp. 331, 341 (D.C.Ill.1966).

Thirdly, in view of the fact that the standard of invention applied by the Patent Office is far below that applied by the Courts and the Patent Office is overloaded in its work, it is not uncommon for Patent Examiners to overlook important disclosures in patents, particularly when the focus of the Examiner and the attorney are on only one figure of the patent as here (only Fig. 8 of the Miller patent was apparently consid-

ered) the presumption of validity cannot be relied upon to sustain a clearly invalid patent claim such as claim 12 of Meierjohan. Graham v. John Deere, Co., 383 U.S. 1, 18, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1966); Sperti Products, Inc. v. Coca-Cola Co., 272 F.Supp. 441, 451 (D.C.Del.1967).

Finally, even if the Miller patent is the most pertinent patent, the presumption is not conclusive, and where the prior art completely anticipates a claim such as claim 12 of Meierjohan, the presumption is overcome. Sisko v. Southern Resin & Fiberglass Corp., 373 F.2d 866, 868 (footnote 4) (5 Cir. 1967); Zero Mfg. Co. v. Mississippi Milk Producers Ass'n., 358 F.2d 853, 858, 859 (5 Cir. 1966); Butex Gas Co. v. Southern Steel Co., 123 F.2d 954 (5 Cir. 1951); Hughes Tool Co. v. Ingersoll-Rand Co., 163 U.S.P.Q. 125, 127 (D. C.S.D.Tex.1969).

7. Even if it is assumed that Defendants' devices accomplish the same or a similar result, namely, the slipping of a gripping cup over a bottle, that is not sufficient to establish infringement. Foster Cathead Co. v. Hasha, 382 F.2d 761, 766, 767 (5 Cir. 1967), cert. den. 390 U.S. 906, 88 S.Ct. 819, 19 L.Ed.2d 872 (1968).; Texsteam Corp. v. Blanchard, 352 F.2d 983, 986 (5 Cir. 1965); Stewart-Warner Corp. v. Lone Star Gas Co., 195 F.2d 645, 648 (5 Cir. 1952).

8. To establish equivalency for the purposes of showing infringement of a patent claim, Plaintiff has the burden of proving a real identity of means, operation and result. Foster Cathead Co. v. Hasha, 382 F.2d 761, 766, 767 (5 Cir. 1967), cert. den. 390 U.S. 906, 88 S.Ct. 819, 19 L.Ed.2d 872 (1968); Skirow v. Roberts Colonial House, Inc., 361 F.2d 388, 391 (7 Cir. 1966); Texsteam Corp. v. Blanchard, 352 F.2d 983, 986 (5 Cir. 1965); Stewart-Warner Corp. v. Lone Star Gas Co., 195 F.2d 645, 648 (5 Cir. 1952). Plaintiff has failed to carry its burden of proof as to equivalency, and has failed to establish that Defendants' devices infringe claim 12 of Meierjohan.

9. Defendants' devices follow the prior art devices in that Defendant employs the double wall cup of the Schmutzer Patent No. 2,308,209 and the pivoted rigid rod of the Sayen Patent No. 2,335,613, and therefore, when these are combined as taught by the combination of Miller No. 1,943,483, there can be no infringement of claim 12 of Meierjohan, regardless of the interpretation of such claim. Stewart-Warner Corp. v. Lone Star Gas Co., 195 F.2d 645, 648 (5 Cir. 1952); Eastman Oil Well Survey Co. v. Sperry-Sun Well Surveying Co., 131 F.2d 884, 886 (5 Cir. 1942).

10. Plaintiff's assertion of commercial success of the device of the Meierjohan patent in an attempt to show unobviousness under 35 U.S.C. 103 must fail because Plaintiff has failed to carry its burden to prove that whatever success Plaintiff's commercial device had was due to the elements of the Meierjohan patent. The evidence in this case is that since 1959 the Plaintiff's commercial device has been almost exactly like the improved gripping device of Plaintiff's later McHugh patent, and there was no proof of commercial success by any device prior to 1959. Under such circumstances, Plaintiff has failed to carry its burden to establish that the commercial success was due to the patented features of the Meierjohan patent. Marconi Wireless Telegraph Co. v. United States, 320 U.S. 1, 34, 63 S.Ct. 1393, 1409, 87 L.Ed. 1731 (1943); B. F. Goodrich Co. v. United States Rubber Co., 244 F.2d 468, 470 (4 Cir. 1957); Halliburton Oil Well Cementing Co. v. Schlumberger Well Surveying Corp., 130 F.2d 589, 590, 591 (5 Cir. 1942); Fibre Metal Products Co. v. Jackson Products, Inc., 150 F.Supp. 949, 956 (D.C.E.D. Mich.1957).

11. Furthermore, factors such as commercial success and long felt but unsolved needs urged by Plaintiff here are merely secondary considerations in

considering the issue of the obviousness or unobviousness of Meierjohan claim 12, and therefore, they can never supply the lack of invention. Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1965); Fluor Corp. Ltd. v. Gulf Interstate Gas Co., 259 F.2d 405, 408 (5 Cir. 1958); J. R. Clark Co. v. Murray Metal Products Co., 219 F.2d 313, 318 (5 Cir. 1955); Ritchie v. Lewis-Browning Mfg. Co., Inc., 196 F.2d 434, 436 (5 Cir. 1952).

12. Although Plaintiff here contends that prior to the Meierjohan patent, there was a long standing problem that was unsolved by the industry, namely, the centering of a gripping device on a bottle, Plaintiff has failed to carry its burden of showing that there was widespread or general effort by those in the industry to do this, and therefore, Plaintiff's proof falls short of showing unobviousness of the device of the Meierjohan patent. Toledo Pressed Steel Co. v. Standard Parts, Inc., 307 U.S. 350, 356, 59 S.Ct. 897, 899, 83 L.Ed. 1334 (1939); Fluor Corp. Ltd. v. Gulf Interstate Gas Co., 259 F.2d 405, 408 (5 Cir. 1958).

13. Claim 8 of the McHugh Patent No. 2,873,996 is not infringed by any Holstein & Kappert gripping assembly (PX–39) or cup (PX–41), since claim 8 was specifically limited to (a) a mouthpiece made of a "slippery plastic such as nylon", (b) a "seal" at "lower end of said bladder with respect to said shell" and (c) "a plurality of recesses" * * * "defining inflatable air cells with the inner wall of the shell", none of which are found in the Holstein & Kappert devices in either identical or equivalent form. The file wrapper of the McHugh Patent (page 30 of DX–8) shows that the attorney for McHugh specifically pointed to the slippery plastic and the seal in urging the allowance of claim 8. Foster Cathead Co. v. Hasha, 382 F.2d 761, 766, 767 (5 Cir. 1967), cert. den. 390 U.S. 906, 88 S.Ct. 819, 19 L.Ed.2d 872 (1968); Skirow v. Roberts Colonial House, Inc., 361 F.2d 388, 391 (7 Cir. 1966); Texsteam Corp. v. Blanchard, 352 F.2d 983, 986 (5 Cir. 1965); Stewart-Warner Corp. v. Lone Star Gas Co., 195 F.2d 645, 648 (5 Cir. 1952).

14. Claim 8 of McHugh Patent No. 2,873,996 is invalid as obvious under 35 U.S.C. 103 over the prior art patents to Meierjohan 2,695,190 and Miller 1,943,- 483 because Plaintiff urged at the trial that claim 8 differed from the Meierjohan patent in that it had air cells in the inflatable gripping cup. Since it is uncontradicted that the Miller Patent 1,943,483 discloses air cells in a gripping head very similar to that of the Meierjohan gripping head, the inclusion of the air cells of Miller with the Meierjohan device would be obvious to a person having ordinary skill in the art. 35 U.S.C. 103.

15. There was no evidence that Defendant Wolfgang Backhaus performed any acts individually with respect to the Holstein & Kappert devices, and therefore, this action is dismissed with prejudice as to Defendant Wolfgang Backhaus, at Plaintiff's cost.

16. This action is also dismissed with prejudice as to Defendant Holstein & Kappert, at Plaintiff's cost.