**J. L. H. ROUNTREE**

v.

**VARCO INTERNATIONAL, INC.**

**Civ. A. No. H–76–1325.**

United States District Court,
S. D. Texas,
Houston Division.

March 3, 1978.

**4**

Oscar Nipper, Houston, Tex., for plaintiff.

William P. Green, Los Angeles, Cal., for defendant.

## MEMORANDUM

O'CONOR, District Judge.

Plaintiff Rountree sues under the Patent Laws of the United States, Title 35 U.S.C. and under the Federal Declaratory Judgments Act, Title 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction of the subject matter under Title 28 U.S.C. § 1338(a) and venue is properly laid in this district under Title 28 U.S.C. § 1400(b). Defendant Varco, Inc. defends against plaintiff's claim for infringement with a counterclaim for invalidity.

Plaintiff Rountree received United States Patent No. 3,521,509 on July 21, 1970 for a pipe spinner which turns a section of well pipe in a well drilling rig to make or break a threaded connection between two sections in a drill "string". Defendant Varco, Inc. fully designed and filed an application for a patent on the initial form of its swinging arm type pipe spinner more than a year before Rountree and his co-inventor Duke filed an application for a patent on their telescoping arm patent. Defendant received Patent No. 3,392,609 on July 16, 1968. Varco, Inc. now manufactures and uses a pipe spinner (hereafter the Varco device) different from the one upon which Patent No. 3,392,609 (hereinafter the Bartos patent) was issued. Plaintiff Rountree claims that the Varco device infringes his patent. Defendant Varco, Inc. claims that Rountree's patent is invalid for obviousness.

The Rountree patent is a combination patent, i. e. it is a patent in which all of the individual elements are old and the asserted novelty resides in the combination of those elements. The patent must be strictly confined to the particular combination claimed. Patents on a simple combination of known mechanical elements, such as the patent in suit, are difficult to obtain and they are not easily infringed. *Foster Cathead Co. v. Hasha*, 382 F.2d 761, 766 (5th Cir. 1967). In order for plaintiff to sustain a charge of infringement by defendant, defendant's tools must include all elements explicitly recited in the claim. Omission of a single element in such a claim clearly avoids infringement. *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 92 S.Ct. 1700, 32 L.Ed.2d 273 (1972); *Marvin Glass v. Sears*, 448 F.2d 60, 61 (5th Cir. 1971).

Plaintiff asserts infringement under the doctrine of equivalents in addition to direct infringement. This doctrine must be applied narrowly to the particular combination patent claimed because such patents are difficult to obtain and should be sustained. *Hughes v. Magnolia Petroleum Co.*, 88 F.2d 817, 818 (5th Cir. 1937); *Stewart-Warner Corp. v. Lone Star Gas Co.*, 195 F.2d 645 (5th Cir. 1952); *Sisko v. Southern Resin & Fiberglass Corporation*, 248 F.Supp. 797 (S.D.Fla.1965), aff'd. 373 F.2d 866 (5th Cir. 1967).

To establish equivalency for the purpose of showing infringement of the single claim of plaintiff's patent by defendant, plaintiff must prove that defendant's tools are substantially identical with the arrangement defined in the claim as to structure, mode of operation and results attained. *Ziegler v. Phillips Petroleum Co.*, 483 F.2d 858, 868 (5th Cir. 1973); *Harrington Manufacturing Co., Inc. v. White*, 475 F.2d 788, 796 (5th Cir. 1973), cert. denied, 414 U.S. 1040, 94 S.Ct. 542, 38 L.Ed.2d 331 (1973); *Marvin Glass & Associates v. Sears, Roebuck and Company*, 448 F.2d 60, 61 (5th Cir. 1971).

Since the tool shown and claimed in plaintiff's patent has never been actually constructed, the patent is a 'paper patent', which must be construed very narrowly. *Lockwood v. Langendorf United Bakeries, Inc.*, 324 F.2d 82, 88 (9th Cir. 1963); *Richard Irvin & Co. v. Westinghouse Air Brake Co.*, 121 F.2d 429, 430 (2d Cir. 1941); *Dillon Co. v. Continental Supply Co.*, 98 F.2d 581, 587 (10th Cir. 1938).

The scope of plaintiff's patent is also limited under the doctrine of File Wrapper Estoppel. After the Patent Office rejected plaintiff's broad claim, the plaintiff submitted a narrower claim with added limitations, which the Patent Office accepted. Therefore, plaintiff is precluded by the doctrine of File Wrapper Estoppel, from thereafter ignoring the added terminology and attempting by the doctrine of equivalents to interpret the claim as though the limitations were not present. *Graham v. John Deere Co.*, 383 U.S. 1, 33, 86 S.Ct. 684, 701, 15 L.Ed.2d 545 (1966); *Schriber Co. v. Cleveland Trust Co.*, 311 U.S. 211, 220–221, 61 S.Ct. 235, 239–240, 85 L.Ed. 132 (1940); *Weber Electric Co. v. Freeman Electric Co.*, 256 U.S. 668, 677, 41 S.Ct. 600, 603, 65 L.Ed. 1162 (1920); *Smith v. Magic City Kennel Club*, 282 U.S. 784, 789, 51 S.Ct. 291, 293, 75 L.Ed. 707 (1930); *Ziegler v. Phillips Petroleum Co.*, 483 F.2d 858, 870 (5th Cir. 1973). Plaintiff cannot ignore the following limitations, which were included in his patent claim in order to obtain its allowance and which constitute the only difference between the allowed claim and the broader rejected and permanently cancelled claim of plaintiff's application:

> "—said idling wheel housing is provided with a telescoping connection with said first mentioned housing and a hydraulic ram mounted in said first mentioned housing has an actuating arm extended therefrom and having its extended end integral with the innermost of said telescoping members."

The limitations imposed in the Rountree patent differentiate Rountree's device from defendant's apparatuses. Neither of defendant's machines include two contact wheels and a single gear mounted integral therewith. Further, neither of defendant's devices have more than one idling wheel rotatably mounted in a single idling wheel housing. Finally, both of defendant's apparatus lack a telescoping connection between a first housing and an idling wheel with a hydraulic ram in the first housing having an actuating arm extended therefrom its extended end integral with the innermost of the telescoping members. Therefore, this Court finds that neither of defendant's machines infringe the Rountree patent.

In light of the above finding, the Court finds it unnecessary to pass upon the validity of Rountree's patent. This Court further finds that this is not an exceptional case within the meaning of 35 U.S.C. § 285 as neither bad faith, fraud, misrepresentation to the Patent Office, or advocation of a totally untenable stance has been proved. Therefore, defendant's claim for attorney's fees is denied.

Defendant will prepare a judgment in accordance with this memorandum opinion.